93   205
f127  666

CASE 33—PETITION ORDINARY—MAY 17.

# Maize v. Bowman.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1. CONTRACT FOR USE OF MARE WITH RIGHT TO PRODUCE.—While the general rule is that the sale of a thing having neither an actual nor a potential existence is void as to creditors, a contract by plaintiff with the owner of a mare by which he was to take the mare, breed her, keep her until the colt was foaled and weaned, and then return her to the owner, retaining the colt as his property, is not within that rule, being a contract for the use of the mare for a particular purpose, with the right to her produce in the meantime, and therefore, valid even as against a creditor of the owner of the mare who had her levied on and sold under execution while she was with foal.

2. RES JUDICATA.—A judgment dismissing the petition in an action by plaintiff against the execution purchaser to recover the possession of the mare before the colt was foaled is not a bar to this action to recover the colt, the gravamen of the former action being the right to the possession of the mare.

3. SAME.—Upon a plea of *res judicata* it may be shown by parol evidence what was determined in the former action if it does not appear from the record. But if the pleadings in the former action show that the issue in the action being tried was not made in that action, parol evidence is not admissible to show that it was considered by the court.

4. SAME.—A judgment dismissing a petition is a bar to another action for the same relief provided the determination has reached the merits of the case. And this is true whether the facts upon which the court acted were shown by evidence or were averred in the petition and admitted by demurrer.

BARNETT, MILLER & BARNETT FOR APPELLANT.

1. When Maize bought the mare at judicial sale, he acquired a good title to the foal she was then carrying. The doctrine of *Partus Sequitur Ventrem* is in force in Kentucky. (2 Blackstone, 390; Hughes v. Graves 1 Litt., 317; Bernard's Ex'r v. Chiles, 7 Dana, 22; Forman v. Procter, 9 B. M., 126; Osborn v. Taylor, 9 Ky. Law Rep., 495; Fowler v. Merrill, 11 Howard, 396; Backhouse's Admr. v. Jett., 1 Brock. C. C., 511.

2. The alleged contract between the Bowman boys was *executory* only, and for something *not in esse* and was void as against creditors. The Ken-

Maize v. Bowman.

tucky decisions are uniform upon this question. (Austin's Jurisprudence, sec. 1049; Kent's Commentaries, vol. 2, Star p. 468; Wheeler's Ex'r, v. Wheeler, 2 Met., 474; Whitehead v. Root, 2 Met., 587; Forman v. Procter, 9 B. M., 124; Hutchinson v. Ford, 9 Bush, 322; Ross v. Wilson, 7 Bush, 29; Dye v. Bramel, 6 Ky. Law Rep., 669; Vinson v. Hallowell, 10 Bush, 538; Eckler v. Taylor, 7 Bush, 29; Loth & Haas v. Carty, 85 Ky., 592; Field v. Chipley, 79 Ky., 263.)

3. The alleged contract between Hite Bowman and Howard Bowman was an *impossible one*, having been made (as they alleged) in *December, 1886,* while the colt was born only *four months* later in March, 1887. (14 Encyclypædia Brit., 858.)

4. The Kentucky doctrine as laid down in Hutchinson v. Ford, is sustained by the best considered opinions of other States. (Low v. Pew, 108 Mass., 347; Everman v. Robb, 3 Cen. Law Jour., 736; Redd v. Burrus, 58 Ga., 577; Barnard v. Eaton, 2 Cush., 295; Comstock v. Scales, 7 Wis., 159; Back v. Crary, 1 Barb., 542; Otis v. Sell, 8 *Id.*, 102.)

5. Bowman's first suit was upon the same alleged contract as is now sued on in this action, and the judgment in that action *being unreversed*, is a bar to this action. (Mann v. Stowers, 9 Ky. Law Rep., 290; Anderson's Adm'r v. Meredith, 10 Ky. Law Rep., 460; Wooley v. Louisville Banking Co., 81 Ky., 537; Lamme v. Saunders, 1 Mon., 267; Cromwell v. County of Sac, 94 U. S., 351; Davis v. McCorkle, 14 Bush, 746; Jones' Adm'r v. Commercial Bank of Ky., 78 Ky., 423; Francis v. Wood, 81 Ky., 22; Black on Judgments, secs. 504, 506; Lynch v. Swanton, 45 Me., 100; Radford v. Folsom, 3 Fed. Rep., 199; Laird v. City of De Soto, 32 Fed. Rep., 653; Foye v. Patch, 132 Mass., 105; Hanna v. Read, 103 Ill., 596.).

6. The nature of the question in dispute between the parties to a former judgment may be shown by *parol evidence* and thus brought within the estoppel of the judgment. (Young v. Black, 7 Cranch, 566; Chapman v. Smith, 16 How., 133; Packet Co. v. Sickles, 5 Wall., 580; Walker v. Chase, 53 Me., 260; Doty v. Brown, 4 N. Y., 471; Young v. Runnell, 2 Hill, 478; Lawrence v. Hunt, 10 Rend., 89; McKnight Dunlop, 4 Barb., 26; Beebe v. Elliott, 4 Barb., 357; Rogers v. Libby, 35 Me., 200; Wood v. Jackson, 3 Wend., 27; Wright v. Butler, 6 Wend., 289; Burge v. Sternberg, 4 Cow., 559; Cromwell v. County of Sac, 94 U. S., 351; Herman on Estoppel, sec. 98; Wells' Res Adjudicata, sec. 297.)

7. If the proceedings in the first suit were not a bar, the appellant (defendant below) should, at any rate, have been allowed to introduce said record *for the purpose of contradicting Bowman by his own record,* which he had made a part of his reply in this action.. Appellee was permitted to use it for such purposes as he deemed necessary, *but appellant was not allowed to use it for any purpose.*

8. The erroneous statements of counsel for appellee in his argument to the jury over the objection of opposing counsel, and without interference

Maize v. Bowman.

by the court, was improper, and misled the jury as to the facts in proof. (Brown v. Swineford, 44 Wis., 282; L. R. & F. S. R. R. Co. v. Cavanesse, 48 Ark., 106; Dickerson v. Burk, 25 Ga., 227; Insurance Co. v. Cheever, 36 Ohio St., 210; Brown v. State, 113 Ind., 133; Hinnies v. Bogee, 66 Ill., 401.)

HUMPHREY & DAVIE, MARSHALL & LOCHRE, for appellee.

1. The contract by which appellee, Bowman, paid the owner of the mare $150 for the right to take possession of the mare, put her to a stallion, and own the future colt, is not a contract to "sell property not in existence," but is simply a contract to pay so much for the use of the mare for breeding purposes; and is as valid as an agreement to pay so much for the use of a farm to raise a crop from. (McCarthy v. Blevin, 5 Yerger, 195, 26 Amer. Dec., 262; Fonville v. Casey, 1 Murphy, 389, 4 Amer. Dec. 559.)

2. An agreement, for a valuable consideration, to deliver to one the first colt which a certain mare may produce, is valid, and will cause the title to the colt to vest in the purchaser, as soon as it is dropped. (1 Parsons on Contracts, 6th ed., 523; McChesney v. Ford, 9 Bush, 318; 26 Amer. Dec., 262; 4 Amer. Dec., 559.)

3. The dismissal of the order of delivery sued out for the possession of the mare, before the birth of the colt, is not a bar to this order of delivery for the colt. Courts are averse to holding a prior proceeding to be res judicata, unless there was a decision on the merits of the controversy between the parties. (Pepper v. Donnelly, 87 Ky., 259; Birch v. Funk, 2 Met., 544; Hughes v. U. S., 4 Wallace, 232; Gould v. Evansville R. R., 91 U. S., 534; Gilman v. Rives, 10 Peters, 133.

4. Where a proceeding is thrown out of court, on demurrer or otherwise, as insufficient, and afterwards a new proceeding is begun, in which is set out, along with the former allegations, an essential allegation or ingredient of the cause of action, omitted in the former proceeding, the former proceeding will not be held res adjudicata. (Birch v. Funk, 2 Met., 544; Gould v. R. R., 91 U. S., 534.

CHIEF JUSTICE HOLT delivered the opinion of the court.

In March 1886, Howard Bowman delivered a mare belonging to him to the appellee, Hite Bowman, under verbal agreement based upon a valuable consideration, by which the latter was to breed her at his own expense, and keep her until the colt, which was to belong to him, was foaled and weaned, when the mare was to be returned to her owner. Subsequently the appellant, William Maize,

a creditor of Howard Bowman, had the mare levied upon and sold, she being then with foal.

Public notice was given at the sale of Hite Bowman's claim to the unborn colt. Maize became the purchaser.

After the sale, but before the colt was born, the appellee, Bowman, brought suit for the possession of the mare, claiming that by reason of his contract he had a special interest in her, and was entitled to hold her until the colt was foaled and weaned, which the petition averred would belong to him.

Before the colt was born the action was dismissed upon a demurrer to the petition. After its birth this suit was brought for its recovery.

Maize claims to be the owner of it by virtue of his purchase of the mare, and that the dismissal of the former suit upon demurrer is a bar to this one.

It is urged the contract between the Bowmans was void because the subject matter of it was not *in esse*, the colt being then unborn. In other words that it was merely a contract to sell something which then had neither an actual or potential existence.

The general rule is, that a sale or mortgage of something thereafter to be acquired, is void as to creditors. If the debtor has, when the contract is made, no right to the article—if as to him it has then neither an actual or potential existence, then the contract is invalid as against his creditors. It relates to a mere possibility coupled with no interest, and public policy forbids the making of such contracts. Thus a mortgage of goods to be thereafter purchased, or of an unsown crop, vests no title in the mortgagee, and none in the vendee in case of a sale,

as against creditors and purchasers. This is a settled rule in this State.

This however, is not such a contract. It was not an agreement to sell a thing not in existence, but for the use of something for a particular purpose. While the owner of a field can not sell the corn to be thereafter raised upon it, and which is then not planted, yet he may contract the use of the field to another for corn raising, and the latter will be entitled to the crop. There is no difference between the latter case and this one.

The appellee was entitled to the possession of the mare for a special purpose until a certain time, and her produce in the meantime, and to this end he had her in possession. (McCarty v. Blevins, 26 Am. Dec., 262.)

The instructions of the lower court required the jury in order to find for the appellee to believe from the evidence, that the appellant or his agent had notice before the purchase, of the appellee's claim.

The dismissal of the former suit is not a bar to this one. That related to the possession of the mare, while this relates to the ownership of the colt, which was unborn when the first action was dismissed. The subject matter is different. It is not the same claim.

The statement in the petition in the first suit that the colt when foaled would belong to appellee was unnecessary matter. The court had no right in that suit to determine anything as to it. This was not the purpose of that action. It was not brought to test the title to anything. The *gravamen* of it was the right to the possession of the mare.

Courts do not favor a plea of *res judicata* unless it be clear that the merits of the case were considered.

The opinion of the court in the first case does not show upon what ground the demurrer was sustained. It is true where it does not appear from the record what was determined, it may be shown *aliunde*, or by parol evidence. It is also true that it matters not whether the facts upon which the court acted were shown by evidence, or were averred in the petition and admitted by demurrer. The determination of the court is equally conclusive, and renders the question *res judicata*. In either case the determination has reached the merits of the case, and is therefore conclusive of the matter. It is unlike a case where the action has been dismissed upon demurrer by reason of the lack of a material averment in the petition. This never constitutes a bar to a second action where the petition supplies the averment that was lacking in the first one.

Where, however, the facts are found by the court, whether upon evidence or by demurrer to a sufficient petition, its judgment is the sentence of the law upon those facts and is conclusive between the parties.

In this case, however, the lower court properly rejected the record of the former suit as evidence, because it appeared from the petition that the subject matter of that action was different from this one. In one it was the right to the possession of the mare; in the other it is the question of ownership of the colt. The issue in this suit could not have been determined in that one. The point of controversy was not the same. This appeared from the pleadings, and therefore it was purely a question of law to be determined by the court; and as the petition in the other suit did not present the issue made in this action, the court was bound to consider that it could not have

been determined, and therefore it properly refused to hear testimony upon this point.    The record of the first suit showed that the question in this case could not have been determined, because it was not presented in the pleadings.

Judgment affirmed.