CASE 106—PETITION EQUITY—FEBRUARY 16.

## Sutton, &c., v. Pollard, &c.

APPEAL FROM GARRARD CIRCUIT COURT.

1. ADVERSE POSSESSION.—A vendee who enters under a deed, whether defective or not, can hold and claim adversely to all the world, including his own vendors.

2. SAME.—Actual, adverse, peaceable possession of land for thirty years gives perfect title, and if, after title is thus acquired, the holder thereof, from choice or by force or fraud, loses the actual possession, he may recover possession by suit in the same manner as if he had perfect paper title.

3. A JUDGMENT AGAINST THE LIFE TENANT IN A SUIT IN EJECTMENT DOES NOT BIND THE REMAINDERMEN. The right of possession is the real issue in such an action, and the question of fee-simple title is not always involved.

4 A JUDGMENT IS CONCLUSIVE only of the questions involved, and binds only parties and their privies

5. BY THE COMMON LAW A JUDGMENT IN EJECTMENT WAS NO BAR TO

Sutton, &c., v. Pollard, &c.

ANOTHER SUIT between the same parties for the same land; and while this rule has been, to some extent, modified in this State by the act of 1825, that modification does not make a judgment against the life tenant in a suit in ejectment operate as a bar to the recovery of the land by the remaindermen in this case, the life tenant being dead.

ROBERT HARDING AND R. P. JACOBS FOR APPELLANTS.

1. Title by adverse possession for the period fixed by the statute is as complete as title acquired by a perfect paper title. (11 Ky. Law Rep., 820; Ballard's Annual on Law of Real Property, vol. 2, sec. 32 and authorities cited; Jones v. Jones, 18 Ala., 248; 13 Am. & Eng. Enc. of Law, p. 694; Chiles v. Jones, 4 Dana, 484.)

2. Plaintiffs and those under whom they hold are not estopped to claim adversely to Mrs. Dales and her privies. (Medlock v. Suter, 80 Ky., 102; 4 B. M., 650; 6 B. M., 352; 1 Dana, 36.)

One may hold adversely to him from whom he purchased. (5 Pet., 417.)

3. Plaintiffs not being parties or privies are not estopped by the judgment in Pollard v. Sutton. (Memphis & St. Louis Packet Co. v. Gray, 9 Bush, 137.)

As to who are privies, see Smith's Leading Cases, 8th ed., vol. 2, part 2, p. 961; Freeman on Judgments, sec. 171; Feltman v. Butts, &c., 8 Bush, 121; Meadows v. Goff, 12 Ky. Law Rep.,; Freeman on Judgments, sec. 171.

4. The title acquired by adverse possession was not destroyed or lost by the break in the continuity of possession by reason of the judgment of Mrs. Pollard against Mrs. Sutton and the writ of possession that placed Mrs. Pollard in possession. (Tyler on Ejectment, p. 910.)

ROBERT HARDING ON SAME SIDE.

1. Appellants being neither parties nor privies are not bound by the judgment against the life tenant. (Yocum v. Chapline, 2 Bibb., 157; Curry v. Jenkins, Hard, 493; Ratcliffe v. Fayette County Court, Sneed, 248; Lewis v. Knox, 2 Bibb., 454; Feltman v. Butts, 8 Bush, 116; M. & St. L. Packet Co. v. Gray, 9 Bush, 148; 2 Dana, 37; Grigsby, &c. v. Breckinridge, 12 B. M., 634; Lilly v. Curry, 6 Bush, 594; Meadows v. Goff, 90 Ky., 543; Logan and wife v. Bull, 78 Ky., 607.)

There is no privity of estate between the particular tenant and the remainderman. (2 Sharswood & Budd, Leading Cases in American Law of Real Property, p. 304; Pool v. Morris, 74 Am. Dec., 70; Freeman on Judgments, 2d ed., sec. 162; Greenleaf on Evidence, sec. 189; Hunt v. Hoben, 52 N. H.)

2. Charity Irvine had a perfect title to the land, good under the thirty years statute of limitation against all persons, whether laboring under

Vol. 96—41.

disabilty of infancy or coverture. (Mantel &c., v. Beal, 82 Ky., 127;. Medlock v. Suter, 80 Ky., 102; Bradley v. Burgess, 87 Ky., 650.)

3. The judgment against Wm. Sutton does not bind his co-remaindermen. (Freeman on Judgments, 2d ed., sec, 171.)

W. O. BRADLEY FOR APPELLEES.

1. The petition is fatally defective in that it does not allege that the Sut-tons and those under whom they claim ever held the *actual* possession of the land. (1 Am. & Eng. Enc. of Law, pp. 184, 228; Worcester v. Lord, 56 Me., 265; Samuels v. Borronsdale, 104 Mass., 210; Sedg-wick & Wait on Trial of Title to Land, sec. 190; Brown v. Volken-ing, 64 N. Y., 76, 80; Churchill v. Underdonk, 59 N. Y., 134.)

2. Adverse possession is never presumed, but must be shown by clear proof. (Pennall v. Taylor, 34 Am. Dec., 725; Rung v. Shoenberger, 26 Am. Dec., 95; Jackson v. Sharpe, 6 Am. Dec., 725.)

3. The possession and title must be confined to the deed under which the title was parted with to the original grantee, and this rule applies to all subsequent grantees. (Schwallback v. C., M. & St. P. R'y Co., 2 Am. St. Rep., 740; Buswell on Limitations and Adverse Possession, sec. 254; Herman on Estoppel, secs. 885–886.)

4. The only title passed by the deed of Mrs. Dales was a contingent right of dower, hence the only possession of appellants was for her life at most. The parties could not claim under the title passed by Mrs. Dales' deed and against it at the same time. (Gibson v. Wier, 1 J. J. Mar., 450; Woolfolk v. Ashby, 2 Met., 288.)

Their holding under a life estate of Mrs. Dales could not be adverse to ours in fee. (Chism v. Trent, 10 Ky. Law Rep., 849.)

5. A possessory title for the statutory period can not overcome a judgment under which a party or one privy to him has been ousted of posses-sion, and the successful party has been put into possession. Even though such a title might be good against one *wrongfully* in posses-sion who held the better paper title, it can not affect defendants who are *rightfully in possession under a solemn judgment of a court of competent jurisdiction.* (Jackson *ex dem* Hills v. Tuttle, 9 Con., 233; Adams on Ejectment, pp. 28, 29, 77; Reicke v. Westenhoff, 10 Mo. App., 358; Sedgwick & Wait on Trial of Title to Land, secs. 520, 521, 524; Groft v. Weakland, 34 Pa. St, 304; Jackson *ex dem* Klock v. Richtmyer, 16 Johns. Rep., 314; Newell on Ejectment, chap. XII, sec. 6, p. 360; Herman on Estoppel, sec. 340.)

Chiles v. Jones, 4 Dana, 484, was decided under the old practice when a judgment in one action of ejectment was no bar to another. Now such a judgment is a bar to a similar action between the same parties and their privies. (Freeman on Judgments, secs. 295-299; Sedgwick & Wait on Trial of Title to Land, sec. 43; West Covington v. Freeking, 8 Bush, 121.)

Sutton, &c., v. Pollard, &c.

Ejectment can not be maintained against one who enters legally. (Harle v. McCoy, 7 J. J. Mar., 320.)

And one so entering may protect himself, even against an outstanding title. (Fowke v. Darnall, 5 Litt., 318.)

6. The judgment against the life tenant bars the remaindermen. (Rogers v. Bell, 53 Ga., 94; Hawkins v. Reichert, 28 Cal., 534; Sims v. Richardson, 32 Ark., 304; Lucas v. Johnson, 8 Barb., 244; Thompson v. Schuyler, 7 Ill., 271; Betz v. Mullin, 62 Ala., 365; Taylor v. Crane, 15 How. Pr., 350; Albertson v. Reading, 2 Murphy (N. C.), 283; Lockwood v. Drake, 1 Mich., 14; Goodnight v. Rich, 7 T. R., 327; Buswell's Limitation and Adverse Possession, sec. 275; Breckinridge's Heirs v. Ormsby, 1 J. J. Mar., 250; Freeman on Judgments, sec. 171; Liddell v. Chidester, 5 Am. St. Rep., 387; Bell v. Merrifield, 4 Am. St. Rep , 436; Sanders v. Annesly, 2 Sch. & Lefr.'(Irish Ch'y), 101; Doe, Lessee of Foster, &c., v. Dugan, 80 Ohio, 107; Nodine v. Greenfield, 7 Paige, 549; Watts v. Gale, 20 Ala., 817; Gott v. Carr, 6 Gill & Johns , 309; Little v. Price, 1 Md. Ch'y, 182; Emerson v. Udall, 13 Vt , 477; Miller v. Morse, 23 Mich., 365; Lester v. Hoskins, 26 Ark., 63; Herman's Estoppel, secs. 237 B, 238-242; Civil Code of Practice, sec 734.)

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

This action was instituted in the Garrard Circuit Court by B. D. Sutton and others against Elizabeth Pollard and others, for the recovery of one hundred and five acres of land in said county. Plaintiffs averred that they were the owners of and entitled to the immediate possession of the land, and assert claim under paper title, and also claim title by reason of more than thirty years adverse possession prior to the bringing of this action. Defendants filed answer, and in the first paragraph thereof denied plaintiffs' title and right to possession of the land. In the second paragraph they pleaded and relied upon a judgment rendered in a suit brought in September, 1889, by the defendant Pollard against Eliza J. Sutton, and the plaintiff W. M. Sutton, for the recovery of the land in contest, which judgment was against the defendants therein for the

recovery of the land, from which ·judgment the defendants therein appealed to this court, and the judgment was affirmed.

The appellants demurred to both paragraphs of the answer, which demurrers were overruled by the court. Plaintiffs filed a reply and also an amended reply, to which defendants filed demurrer, which demurrer was sustained by the court, and plaintiffs failing to plead further, the petition was dismissed by the court and judgment rendered against appellants for cost. From this judgment plaintiffs have appealed to this court.

On motion of defendants a considerable portion of plaintiffs' petition was stricken out, which was error. If the allegations of plaintiffs are true as to the actual adverse possession held by them and those under whom they claim, they were entitled to recover the land sued for, unless the judgment pleaded by defendants is a bar to plaintiffs' right to recover. It is clear that a vendee who enters under a deed, whether defective or not, can hold and claim adversely to all the world, including his own vendors. (Winlock v. Hardy, 4 Litt,, 274 ; Gossom v. Donaldson, 18 B. M., 239; Croxall v. Shererd, 5 Wallace, 268.)

It is well settled law that actual, adverse, peaceable possession of land for thirty years gives perfect title. (Marshall, &c., v. McDaniel, 12 Bush, 378; Logan and wife v. Bull, &c., 78 Ky., 607 ; Chiles v. Jones, 4 Dana, 483 ; 13 Am. & Eng. Enc. of Law, p. 694.) After title is acquired by adverse possession, the holder thereof, if from choice or by force or fraud he loses the actual possession, may recover the same by suit in the same

manner as if he had perfect paper title. Having once acquired the title, he can only be divested of it by due process of law. If it be conceded that the statute did not run against Mrs. Dales until the death of her husband, which defendants aver was in 1852, yet more than thirty years had elapsed before the institution of the suit of Pollard against Elza J. Sutton, &c.; so that if the possession of Irvine and Sutton had been actual and adverse during all of that time, the devisees of Charity Irvine had a perfect title to the land. Appellees, however, insist that the judgment of Pollard against Sutton divested these appellants of all title.

It may be that, under the ancient common law, a judgment against the life tenant would bind the remainderman, and in some of the States it may be so held now, for in some States ejectment suits may be brought to settle the title to land, whether or not the defendant is in possession. In such cases if the remaindermen were parties to the suit, the judgment would bar their claims, but under the law of this State ejectment suits only lie against those in possession. The right of possession is the real issue in such actions, and does not always involve the question of fee-simple title. It is a familiar rule of law that no one can be deprived of his property without due process of law. A judgment is only conclusive of the question involved, and binds only parties and their privies. Eliza J. Sutton had only a life estate in the land in contest, holding under the will of Charity Irvine, and entitled to the possession thereof during her life and in the actual possesion. The effect of the judgment relied on was to divest the defendants therein of the

possession, and perhaps of the life estate of Eliza J. Sutton. Nothing else was legally in issue in that suit; hence, after the death of Mrs. Sutton, the right to the possession of the land accrued to these appellants the same as if no such suit had ever been instituted. The right of entry and possession alone are in issue in such a suit. (Chiles v. Jones, 4 Dana, 483.)

By the common law a judgment in ejectment was no bar to another suit between the same parties for the same land. (Speed v. Braxdell, 7 Mon., 570.) This rule, to some extent, has been modified by the act of 1825, but that modification does not affect the rights of appellants in this action.

It seems to us that the court below erred in overruling appellants' demurrer to the second paragraph of defendants' answer, and also erred in sustaining defendants' demurrer to appellants' reply; hence, the judgment of the court below is reversed and cause remanded for further proceedings consistent with this opinion.