### Collins, et al. v. Lawson's Committee.

(Decided November 3, 1910.)

## Appeal from Trigg Circuit Court.

1. Fraudulent Conveyance—Incompetency of Vendor—Question of Fact—Finding of Chancellor.—This is an action to set aside an alleged fraudulent conveyance by reason of the mental incompetency of the vendor. Held, that the mental incompetency of the vendor at the time of her conveyance is one wholly of fact, and it has always been our rule where the evidence was practically equiponderant to refuse to set aside the chancellor's finding of facts. He being on the ground and presumptively knowing the witnesses, his opinion is entitled to great weight at our hands.

2. Evidence—Weight—Weakness of Mind.—We do not attach much weight to the fact that the alleged imbecile was permitted to consummate a contract of marriage with J. M. Lawson. If her weakness of mind was such that she could be overreached and defrauded out of her land, we see no reason why she should not also be inveigled into a contract of matrimony.

JOHN C. DABNEY for appellants.

No brief for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE BARKER—Affirming.

In 1906, Martha J. M. Wims, by an inquest held in the Trigg county court, was found to be mentally incompetent to care for her estate, and A. J. Hendricks was

appointed her committee to manage her property for her. After qualifying as committee, as required by law, A. J. Hendricks instituted this action in the Trigg circuit court for the purpose of recovering several tracts of land which had theretofore been conveyed by his ward to A. J. Collins, and by the latter to his mother, Susan M. Collins. Without reproducing with minute particularity the allegations of the petition, we deem it sufficient to say that as a basis for the recovery, it is alleged that at the time the conveyances were made by Martha J. M. Wims, she was a person of unsound mind, and wholly incapable of taking a rational survey of her property or of knowing its value, all of which was known to W. T. Collins and Susan M. Collins, his wife, and to A. J. Collins; that these various conveyances were procured by W. T. Collins to be made to A. J. Collins, and thence to his wife, Susan M. Collins, for the purpose of cheating and defrauding the vendor; that no consideration was paid or received for any of the conveyances, and they were wholly fraudulent and without consideration; that at the time of the conveyance all of the parties in interest knew of the mental unsoundness of Martha J. M. Wims. In answer to this petition, the appellants, W. T. Collins and Susan M. Collins, denied all of the material allegations therein, and pleaded adverse possession of the land for fifteen years next before the institution of the action; they also pleaded the ten year statute and the five year statute, limiting the time within which conveyances may be set aside for fraud. A reply and rejoinder were respectively filed, and the issues made up along the lines indicated. Before final submission of the case, the appellee, who was plaintiff below, dismissed all of the petition except that portion which sought to recover a tract of land of sixty-six acres, conveyed by Martha J. M. Wims to A. J. Collins in 1893, and afterwards conveyed by A. J. Collins and wife to Susan M. Collins, the wife of W. T. Collins. Pending the litigation the committee discovered that, prior to the time Martha J. M. Wims had been adjudged a person of unsound mind, she had married one J. M. Lawson, who died prior to the inquest. Thereupon an amended petition was filed setting up this fact, and changing the name of Wims to Lawson. The case was then submitted to the chancellor for final adjudication, and he entered a judgment in favor of the plaintiff, holding that Martha J. M. Lawson was of unsound mind, as alleged in the

petition, at the time the conveyance was made, and that her committee recover for her the sixty-six acres of land conveyed as aforesaid, and which is described by metes and bounds in the petition. Of this judgment, W. T. Collins and his wife, Susan M. Collins, now complain.

The question of the mental incompetency of the vendor at the time of the conveyance by her to A. J. Collins, is one wholly of fact, and it has always been our rule, where the evidence was practically equiponderant, to refuse to set aside the chancellor's finding of the facts. A careful reading of this record, however, convinces us that the chancellor did not err in reaching the conclusion that Martha J. M. Lawson was of unsound mind and wholly incompetent to care for her estate at the time she made the conveyance vacated by the judgment, and we think that, as she had long lived with the appellants as a servant, they knew of her mental incompetency. To start with, it is conceded that she was wholly illiterate, and a large number of the witnesses describe her as a person of weak mind, or of a low order of intellect, and say that in their opinion she did not have mind sufficient to take a rational survey of her property and to know its value, or to make valid contracts in reference thereto. On the other hand, the witnesses for appellants depose that she was of sufficient mind to make a valid contract. The chancellor was on the ground, and, presumptively, knew the witnesses, their standing for integrity and intelligence in the community where they reside, and his opinion as to the facts is entitled to great weight at our hands.

We do not give much weight to the fact that Martha J. M. Wims was permitted to consummate a contract of marriage with J. M. Lawson. If her weakness of mind was such that she could be overreached and defrauded out of her land, we see no reason why she should not also be inveigled into a contract of matrimony. The county judge who performed the marriage ceremony made no investigation as to the condition of the mind of the woman, and there was nothing in her conduct to indicate to him that she was of unsound mind. The fact that he did not discover her mental weakness while performing the marriage ceremony is no evidence of the fact that she had sufficient mind to make a valid contract by which she conveyed her land to A. J. Collins.

The statute of limitations cannot avail the appellants. Sections 2506 and 2525 of the Kentucky Statutes pro-

vide that the statutes of limitation invoked in this case do not bar the rights of one of unsound mind while the disability continues, and authorizes the person under disability to bring the action at any time within three years after such disability is removed. In our opinion, as said before, Martha J. M. Lawson was wholly incompetent, mentally, to make a contract at the time she made the conveyance involved in this action. Her mental condition was congenital, and there has been no change in her mental condition since the conveyance was made. This being true, the statutes of limitation do not bar the right of action set up in the petition.

W. T. Collins was incompetent to testify in this case in favor of his wife and against a person of unsound mind (subsections 1 and 2, section 606, Civil Code), and the court correctly sustained exceptions to his deposition.

None of the parties to the conveyances by which the title to the land of the imbecile was vested in the appellant, Susan M. Collins, were innocent purchasers for value. A. J. Collins is dead, but his widow testified that the vendor was of imbecile mind and negatives the idea that any consideration whatever passed to the vendor.

Judgment affirmed.