## Hale's Heirs v. Ritchie, et al.

(Decided February 23, 1911.)

### Appeal from Meade Circuit Court.

1. Where land is held adversely, the fact that the claimant is insane does not stop the running of the statute of limitation, unless the insanity existed at the time his cause of action accrued, and if it existed when his cause of action accrued, and continued for fifteen years, the disability was removed by his death, and the action was barred in three years thereafter, although his heirs were under disability at the time.

2. Thirty years adverse possession bars an action regardless of disability.

C. C. FAIRLEIGH and P. L. TURNER for appellants.

J. W. LEWIS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

This action was brought by the heirs at law of Felix G. Hale against the heirs at law of Thomas B. Burch and certain other persons claiming under them: the plaintiffs alleged that Leonard Burch, who died a resident of Meade County prior to 1850, owned a large tract of land in that county: that he left surviving him seven children, one of whom, Susan Woodall, by deed bearing date, October 27, 1859, conveyed her 1-7 interest in the land to Felix G. Hale. They prayed a partition of the land and that their 1-7 interest be set apart to them. The defendants filed an answer in which they pleaded among other things that Susan Woodall had sold her interest in the land to Thomas Burch long before the

deed to Hale was made; that Burch was then in possession claiming as his own her undivided 1-7 of the land; that he and those claiming under him, had been in actual peaceable and adverse possession of the land claiming it as their own against all the world for more than 50 years; they pleaded and relied on the statute of limitation of 15 years, and 30 years in bar of the plaintiffs' action. The plaintiffs filed a demurrer to the defendants' answer in so far as it pleaded limitation, and an agreement of record was entered that the plea of limitation should be tried out on the records alone without taking any proof, the records referred to being four former suits in the Meade circuit court which were referred to in the petition. The circuit court upon a hearing of the matter overruled the demurrer and the plaintiffs refusing to plead further, dismissed the action. The plaintiffs appeal.

The transcript filed in this court of the former suits have been filed with the transcript of this case, and we have considered the question as it was submitted to the circuit court under the agreement of the parties. The facts shown are these: In the year 1855 the heirs at law of Leonard Burch recovered a judgment for a tract of 700 acres of land one seventh of which is the thing here in controversy. In 1858, one of the heirs instituted an action against Thomas B. Burch for a partition of the land between the seven heirs, Susan Woodall being made a defendant to the petition. Three other actions for the same purpose were subsequently commenced; Thomas B. Burch filed an answer in these actions in which he alleged that he was the rightful owner by purchase of 4-7 of the land, 1-7 being the share of Susan Woodall. He also claimed that he had a lien on all the land for certain expenses he had incurred in the litigation by which it was recovered. Mrs. Woodall filed no pleading in these cases, and asserted no right to the land, although Thomas Burch distinctly pleaded that he had purchased her interest in the land. Thomas Burch died in 1863. In 1865 the four actions were consolidated, and having been revived against his heirs at law, were finally tried in 1879, when a judgment was entered by which three of the heirs of Leonard Burch were each adjudged entitled to 1-7 of the land, and Thomas Burch's heirs to 4-7, one of these being the share of Susan Woodall. Commissioners were appointed to divide the land, which was done. A controversy then arose as to rents

and profits between the three persons who had each been adjudged 1-7 of the land, and Thomas Burch's heirs. (See Burch v. Burch, 82 Ky. 622).

It is unnecessary for us to determine whether Thomas Burch had in fact acquired the title to Susan Woodall's 1-7 of the land in 1858, when the litigation over it between the heirs of Leonard Burch began. The transcript before us of the record in those actions is not complete, but it is a partial record made up upon a schedule. There is enough in it however to show beyond doubt that Thomas Burch in 1858 was in possession of the land claiming the interest of Susan Woodall by purchase, holding it as his own and adversely to her and all the world. This possession which he then had, has been continued from that day to this, unbroken, as far as the record shows. It is alleged in the petition that Felix G. Hale became insane while that litigation was pending, and remained insane until his death in 1882, but no explanation is offered of the delay to set up a claim to this land from 1882 to 1908, a period of 26 years. Susan Woodall was a party to the partition suit filed in the year 1858, and her deed to her son Felix G. Hale was made more than a year after that suit was begun. He is therefore a lis pendens purchaser. Sections 2505, 2506, 2507 and 2508 Ky. St. are as follows:

"An action for the recovery of real property can only be brought within fifteen years after the right to institute it first accrued to the plaintiff, or the person through whom he claims." (Sec. 2505.)

"If, at the time the right of any person to bring an action for the recovery of real property first accrued, such person was an infant, married women, or of unsound mind, then such person, or the person claiming through him, may, though the period of fifteen years has expired, bring the action within three years after the time such disability is removed." (Sec. 2506.)

"The time within which an action for the recovery of real property may be brought shall not be extended by reason of any disability which did not exist when the right to bring the action first accrued, nor by reason of any disability of the heirs of the person to whom the right first accrued." (Sec. 2507).

"The period within which an action for the recovery of real property may be brought shall not, in any case, be extended beyond thirty years from the time at which the right to bring the action first accrued to the plaintiff

or the person through whom he claims by reason of any death or the existence or continuance of any disability whatever.'' (Sec. 2508).

Felix G. Hale's right of action to recover the land accrued to him in 1859; for Thomas Burch was then in possession and claiming the land as his own under his purchase from Susan Woodall from whom Hale purchased. If Hale became of unsound mind after his cause of action accrued, this did not affect the running of the Statute and if he was of unsound mind when his cause of action accrued, and so remained until his death in 1882, the disability being removed by his death, the action might have been brought within three years after that time. But although when he died, his heirs at law were under disability, this did not affect the running of the statute of limitation. Passing all of this, we find that more than 30 years elapsed from the time that Hale's cause of action accrued before this suit was brought, and the action is necessarily barred under the 30 years' statute.

Judgment affirmed.