## Green v. Commonwealth.

(Decided June 21, 1918 )

## Appeal from Clark Circuit Court.

1.  Criminal Law—Appeal from Judgment of Conviction in Police Court—Supersedeas.—When an appeal is taken to the circuit court from a. judgment of conviction in a police court and the judgment is superseded, the efficacy of the judgment of conviction is suspended only; the supersedeas does not, like a reversal, annul the judgment itself.

2.  Criminal Law—Appeal and Error—Dismissed Settled—Meaning of Order.—Where a defendant was convicted of a misdemeanor in a police court and prosecuted an appeal to the circuit court, and an order was entered in the circuit court dismissing the case "settled" on the motion of appellant, the order meant that appellant had paid or satisfied the judgment of the police court.

3.  Trial—Extrinsic Evidence in Aid of Record.—The rule against parol evidence does not preclude the reception of extrinsic evidence in aid of a record, or to explain an apparent discrepancy, or an immaterial variance, or to dispel obscurity or ambiguity, in case the terms of a judgment are of doubtful meaning.

4.  Evidence—Case "Dismissed Settled"—Parol Proof.—When the final judgment showed that a case was "dismissed settled", parol proof is admissible to show what constituted the settlement.

HAYS & HAYS for appellant.

C. H. MORRIS, Attorney General, and D. O. MYATT, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellant, Annie Green, appeals from a verdict and judgment of the Clark circuit court finding her guilty of having violated chapter 53 of the Acts of the General Assembly of 1916. That act provides that any one found guilty of selling intoxicating liquor in violation of the local option law shall, on a second or any subsequent conviction for a violation of that law, committed after a former conviction for a violation of the act, be confined in the penitentiary for not less than one nor more than two years. Acts 1916, p. 512. Appellant's punishment was fixed at confinement in the penitentiary for a term of one year and six months.

It was shown by the judge of the police court of Winchester, and by the records of his court, that appel-

lant was convicted in that court on June 30th, 1917, for violating the local option law. The judgment recites that she was convicted of having sold one-half pint of whiskey on June 30th, 1917, for which offense her punishment was fixed at a fine of $50.00 and confinement in jail for a period of ten days.

The record of the police court further showed that on July 2nd, 1917, another judgment was entered in that court against appellant for a similar offense and that her punishment for the second offense was fixed at a fine of $100.00 and forty days' imprisonment in the county jail. Appeals were prosecuted from those judgments to the Clark circuit court. It was shown by L. C. Aldridge, the clerk of the Clark circuit court, that the appeals from the judgments of the police court were perfected in the circuit court and docketed for its September, 1917, term. The only order entered in the two cases in the circuit court reads as follows:

"On motion of appellant it is ordered that these cases be and they are dismissed settled."

Over appellant's objection Aldridge was then permitted to say that appellant had paid him $100.00 and costs in satisfaction of the second judgment of the police court, as above recited. It is insisted that this was error and that the judgment of conviction in this case should be reversed for want of proof showing a former conviction.

Section 366 of the Criminal Code of Practice, regulating the trial of appeals from police courts to the circuit courts, reads as follows:

"Upon the appeal the case shall be tried anew, as if no judgment had been rendered, and the judgment shall be considered as affirmed if judgment for any amount be rendered against the defendant, and thereupon he shall be adjudged to pay the costs of the appeal."

Appellant insists that the appeal from the Winchester police court to the Clark circuit court stripped that judgment of its vitality, and as the judgment of the Clark circuit court dismissed the case there was no competent proof showing a former conviction. In support of this contention appellant relies upon Townsend, Mayor v. Gorin, 144 Ky. 677.

We do not, however, so understand the law. It is true that in Townsend v. Gorin the court said that when an appeal is taken and the judgment of the court is superseded "its vitality is taken away, and nothing thereafter can be done by virtue of it, as it then stands as though it had never been rendered until the appeal is determined." But a supersedeas only suspends the efficiency of a judgment; it does not, like a reversal, annul the judgment itself. Its object and effect are to stay future proceedings and not to undo what has already been done. Runyan v. Bennett, 4 Dana 598, 29 Am. Dec. 431; Weber v. Tanner, 23 Ky. L. R. 1107, 64 S. W. 741.

If the case had been tried anew and a judgment entered showing the result of that trial, it necessarily would have nullified the judgment of the police court. On the other hand, if the appellant had merely dismissed her appeal it is clear that the judgment of the Winchester police court would have remained in full force and effect, since the appeal and supersedeas constituted only a temporary suspension of that judgment which could be permanently and finally nullified only by a trial of the appeal. Sebree v. Commonwealth, 115 Ky. 736; Calhoune v. Kidd, 150 Ky. 611.

The only difficulty we find in the case is in determining the effect that is to be given the circuit court order dismissing the case "settled." Standing alone and unexplained, its legal effect is, we think, substantially the same as that which this court has frequently given to a judgment dismissing a suit "agreed," where we said that the order would prevent a recovery on the same cause of action between the same parties, and must be regarded as an adjustment of the controversy. Bank of the Commonwealth v. Hopkins, 2 Dana 395; Hibler v. Shipp 78 Ky. 66.

The term "settle" is defined by Bouvier as follows: "To adjust or ascertain; to pay.

"Two contracting parties are said to settle an account when they ascertain what is justly due by one to the other; when one pays the balance or debt due by him, he is said to settle such debt or balance."

Section 368 of the Civil Code declares that a judgment is a final determination of a right of a party in an action or proceeding. This judgment finally disposed

of the cases—they were dismissed settled. So the case comes to this: was the judgment of the circuit court dismissing the cases "settled" a judgment affirming or reversing the judgment convicting appellant in the police court?

Clearly it was not a reversal, since it was made upon the defendant's motion and had been settled to the satisfaction of the representative of the Commonwealth. On the contrary, it shows that the judgment of conviction in the police court was "settled"—"satisfied"—or "paid," and consequently the cases were finally disposed of and dismissed upon the defendant's motion. There can be no other reasonable conclusion drawn from the terms used by the parties. If the judgment had merely recited that the cases had been "settled" could there be any doubt that the term "settled," as there used, could only have meant that the judgment had been paid or satisfield? We think not. And if the judgment was paid after the appeal was taken, the proper and usual order under the circumstances would be to dismiss the case settled—as was here done. In our opinion the order means that appellant paid or satisfied the judgment of the police court, and that a former conviction was thus shown.

Moreover, the testimony of Aldridge was competent. The rule against parol evidence does not preclude the reception of extrinsic evidence in aid of the record, or to explain an apparent discrepancy, or an immaterial variance, or to dispel obscurity or ambiguity, in case the terms of the judgments are of doubtful construction. And the record is not conclusive of matters not appearing therein. 17 Cyc. 578; Singleton v. Cogar, 7 Dana 479.

So, when the judgment recited that the case had been settled, it was competent for Aldridge to show by parol what constituted the settlement. In so doing he did not contradict the record; he merely explained an ambiguous term in a judgment of doubtful meaning.

We are of opinion, therefore, that since the judgment was settled by a payment of the fine imposed by the police court, the former conviction of appellant was sufficiently shown.

Appellant's second contention that the court erred in giving instruction No. 2, which submitted to the jury

the question of her former conviction, is based upon the theory that no former conviction had been shown, and is disposed of adversely to her contention by the conclusion above reached.

Judgment affirmed.