## Combs, et al. v. Combs, et al.

(Decided November 9, 1923.)

### Appeal from Perry Circuit Court.

1. Limitation of Actions—Disability Subsequently Arising Does Not Suspend Running of Statute.—A disability, such as insanity, arising subsequently to the taking possession of land, does not

under Ky. Stats., section 2507, suspend the running of the statute of limitations.

2.  Witnesses—Testimony of Transactions with Decedent Incompetent in Action by Heirs.—In an action by heirs, testimony of defendant relating to transactions with decedent, under whom they claim, was incompetent.

3.  Evidence—Testimony of What Witness Heard is Incompetent.—In an action to recover an interest in land and for partition, testimony consisting of what witnesses had heard was incompetent.

W. C. EVERSOLE, H. C. EVERSOLE, B. P. WOOTTON and JOHN B. EVERSOLE, for appellants.

HOGG & JOHNSON and F. J. EVERSOLE for appellees.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

The heirs at law of George Combs filed this action in the Perry circuit court, alleging that they were the owners of and entitled to a one-half interest in two tracts of land described in the petition, and appellees were the owners of the other undivided half interest therein. By answer appellees denied the averments of the petition, asserting claim of sole ownership to both tracts under title papers and also under a claim of adverse possession for more than fifteen years next before the institution of this proceeding. The reply denied both defenses and pleaded in avoidance of the latter that George Combs, through whom appellants claimed, was a lunatic at the time appellees acquired possession of the land and remained under that disability until within three years of the date of the filing of this suit. This plea was traversed by appellees, and upon the proof taken the case was submitted to the chancellor, who adjudged appellees the owners of both tracts.

One of the tracts, consisting of about a hundred acres, was patented by George Combs, Sr., who died intestate many years before the Civil War, leaving a widow, Lydia Combs, and seven surviving children. It is said that this tract was allotted to Lydia Combs as her dower in the estate of her deceased husband, but the record contains no evidence of such an allotment. At any rate she remarried and lived on the land with her second husband and with Tilda Combs, a daughter by her first husband, for several years. Tilda was never married, but she was the mother of four children, one of whom was George Combs, the ancestor of appellants, and another Jerry Combs, one of the appellees herein, the other appellees

being his sons, John L. Combs and Grant Combs. Jerry Combs is the son of Jeremiah C. Combs referred to in the record as "Chunky Jerry," and George Combs was the son of Clinton Combs.

The evidence for appellees tends to show that Jeremiah C. Combs purchased the undivided interest of five of the seven children of George Combs, Sr., in this tract and built a house on it, putting his son Jerry on the place to cultivate it; that several years later, but before the Civil War, Jeremiah C. Combs died leaving a will in which he devised all of his interest to his son, Jerry, who continued to live on the land with his mother until he was about 24 years of age, when he entered the Union army; that he served throughout the Civil War, and then returned, married, and lived on the land with his mother and family until he bought another farm some distance therefrom and moved to it, taking his mother with him. It further shows that when Jerry Combs moved George Combs was living on a farm that belonged to his father, Clinton Combs, but he rented the George Combs, Sr., land from Jerry, moved to it and occupied it until about 1888, when John L. Combs and Grant Combs, the two sons of Jerry, moved to the land, where they have ever since resided. It also appears that Jerry Combs purchased the interest of at least one of the seven children of George Combs, Sr., and he claims that his father had previously acquired the interests of the other children.

Appellants claim that Jeremiah C. Combs purchased only a two-sevenths interest in the land, and at the time of his purchase it was in the adverse possession of the widow of George Combs, Sr., and her daughter, Tilda, which rendered the conveyance champertous; and further, if it be conceded that Jeremiah C. Combs acquired title to a two-sevenths interest and Jerry purchased a one-seventh, the appellees have never acquired title to the remaining four-sevenths. They rely on the fact that appellees failed to introduce evidence of the transfer of title to any greater interest to Jeremiah C. Combs or to his son, Jerry, than three-sevenths, and they also contend that the possession of Jerry Combs and his sons was not adverse because at the time it was acquired George Combs was of unsound mind and remained so until his death in 1908, within three years of which this action was brought, as authorized by section 2506 of Kentucky Statutes.

Appellees have no paper title to the whole of this tract. Their evidence, in our opinion, does show such title to an undivided four-sevenths of it, and there are circumstances and facts disclosed in the record from which it might be inferred that all of it was actually conveyed to them or their predecessors. But their claim need not depend on title derived from conveyances, since it was proved that Jerry Combs and his two sons held possession of the property, claiming it adversely, from 1888 until this suit was instituted in 1911. It is admitted that this possession would have ripened into title if George Combs was of sound mind at the time it was acquired. But it is contended that he was then a lunatic. We do not think the evidence sustains that contention. It shows that some time after appellees took possession of the property George Combs was adjudged insane, and there is some evidence to the effect that he had always been eccentric, but none of the evidence, as we construe it, shows that he was a lunatic or of unsound mind when appellees acquired the possession. He was under no disability at that time, and a disability subsequently arising does not, under section 2507 of Kentucky Statutes, as construed in Hale's Heirs v. Ritchie, et al., 142 Ky. 424, and Mounts v. Mounts, 155 Ky. 363, suspend the running of the statute. Our conclusion, therefore, is that the possession of appellees ripened into title before the filing of this proceeding, and it was right for the trial court to adjudge the tract to them.

The second tract consists of more than one hundred acres, adjoining the first. It is known as the Sam Combs land, and it came into the possession of John L. and Grant Combs at the time they acquired possession of the George Combs, Sr., tract. Several years prior to that time, and while George Combs was residing on the George Combs, Sr., tract, the Sam Combs tract was purchased, as appellees claim, by Jerry Combs, but, as appellants claim, by Jerry Combs and George Combs jointly. Neither appellees nor appellants have any deed from Sam Combs to this land but it has been in the actual, continuous and adverse possession of appellees since 1888.

There is some evidence for appellants to the effect that a horse belonging to George Combs was traded to Sam Combs as part consideration for this land. There is also testimony, consisting largely of what the witnesses heard, conducing to show that George Combs was a joint

purchaser of the land.  Jerry Combs testified that he alone purchased it and paid for it; and, though he admitted that a horse belonging to his half-brother was given to Sam Combs in part payment for it, he said that he gave to his brother another horse in lieu of the horse given to Sam Combs, which his brother accepted.  Much of his testimony is incompetent because relating to transactions with George Combs, who is now dead.  But, as we have said, a large part of the testimony introduced by appellants consisted of what the witnesses had heard and was likewise incompetent.  It appears, therefore, that there is no competent testimony on which to determine whether the land was purchased by Jerry Combs alone or by him and George Combs jointly.  It is, however, true that appellees took possession of this tract in 1888, and thereafter held it adversely and used it just as they used the George Combs, Sr., land until this action was instituted.  Their possession of the George Combs, Sr., tract, as we have seen, ripened into title, and for the same reasons and under like circumstances they acquired title to the Sam Combs land.  It was therefore not error to adjudge them the owners of this tract.

The judgment is affirmed.