## Turner et al. v. Begley et al.

(Decided May 26, 1931.)

282

TURNER & CREAL and M. C. BEGLEY for appellants.

J. M. MUNCY, J. M. BICKNELL, and MORRIS & JONES for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

In its origin this was a partition proceeding, but it was early transformed into a controversy over the title to the tract of land sought to be divided. On October 16, 1873, Farris Begley and wife executed a deed by which the land in controversy was conveyed to their son, Leander Begley. The consideration expressed in the deed was "four hundred dollars to them in hand paid by note and for said Leander Begley's dowery in Farris Begley's estate." The grantee, Leander Begley, was then an inmate of a state institution for the insane, to which he had been committed and in which he had been confined on August 25, 1873. Leander Begley remained in the institution until his death, which occurred on July 1, 1912. At the time he was placed in the asylum Leander Begley had four infant children, namely Farmer, Tisha Belle, Docia, and Theo. Begley. The four children were taken into the home of their grandfather, Farris Begley, and reared by him. Theo. died without descendants. Farmer and Tisha Belle predeceased their father. Farmer Begley was survived by one child, Doy Begley, and Tisha Belle was survived by four children, one of whom Lillie, is a party to this action. Doy Begley claimed the interests of the other three children of Tisha

Belle by virtue of a conveyance from them. Docia Begley is still living, but is not a party to the suit. It was alleged in the petition that she had conveyed her interest to the predecessor in title of the defendants, Will Turner, Ervine Turner, G. V. Turner, and Alex Turner. Doy Begley instituted the action for a partition of the land, claiming a one-third undivided interest as the sole heir of Farmer Begley, and a three-twelfth's undivided interest as purchaser from three of the four children of Tisha Belle Begley. It was alleged that Lillie Begley owned an undivided one-twelfth, and that Will Turner, Ervine Turner, G. V. Turner, and Alex Turner owned the other one-third interest as purchasers from Docia Begley, who had intermarried with Lee Morgan. The Turners are the heirs of John Turner, who died intestate in 1927. The land in question was conveyed to John Turner on August 31, 1909, by Henry Turner, to whom it had been conveyed by Clarke Eversole and others on February 23, 1906. Clarke Eversole acquired title by a commissioner's deed dated May 12, 1887. The commissioner's deed was made pursuant to a judgment in a proceeding to enforce a mortgage on the land in question. The mortgage was dated December 4, 1883, and was executed by Farris Begley and wife to Clarke Eversole to secure a debt of $625. The foreclosure proceeding was instituted in 1885. It will be seen that Doy Begley and Lillie Begley claim an interest in the real estate derived from Leander Begley, whilst the defendants, Will Turner, Ervine Turner, G. V. Turner, and Alex Turner claimed a title derived from Farris Begley. The defendants claimed that the deed from Farris Begley to Leander Begley had been annulled by a decree which restored the legal title to the grantor. The defendants also relied upon the statutes of limitation of fifteen years and thirty years.

The chancellor found for the plaintiffs and directed a partition of the land in accordance with the prayer of the petition. The Turners have prosecuted an appeal.

The first question presented concerns the decree in a case entitled Farris Begley v. Leander Begley. The papers in the case were lost, and the only record that was produced consisted of the decree, an order appointing a guardian ad litem for some infant defendants, and another order filing a report from the guardian ad litem. The appellants insist that the judgment canceled the deed executed by Farris Begley to Leander Begley on

Ocober 16, 1873, under which appellees claim title to the land. The appellees take the position that the judgment is void. In the condition of the record it is unnecessary for us to determine many of the questions debated by counsel. The judgment in its entirety reads:

"This day this cause came on to be heard upon the pleadings, exhibits and depositions and the Court being sufficiently advised, adjudges and orders that the contract between Farris Begley and Leander Begley, be and the *cause* is hereby set aside and held for naught and the title and possessions to the land embraced in the deed of Farris Begley, to Leander Begley, is adjudged to the plaintiff, Farris Begley, and the notes No. 1 marked (A) for the $300.00 and the note No. 2, marked (B) is set aside and held for naught and the *Write* of possession *had a faces* possession is awarded to the Plaintiff, after the 1st day of January, 1881, and the plaintiff, is adjudged his cost in this suit, expended and this cause is ordered to be stricken from the Docket *where* the defendant prays an appeal whereto is granted him to the Court of Appeals."

It will be observed that the judgment does not identify the deed of October 16, 1873, by date, or by description of the land, or by any other indication, expression, or reference. The two notes mentioned in the judgment as No. 1 marked "A" for $300, and note No. 2 marked "B," without naming any amount, do not conform to he consideration recited in the deed. The deed contained no reference to a $300 note, or to a second note. It acknowledged receipt of a note for $400. No record is exhibited to supply the obvious omission to connect the deed with the decree. Nor is that essential fact furnished by testimony. If the decree itself was sufficient to identify the instrument it purported to cancel, or described the land that was adjudged to Farris Begley, a presumption might be indulged that the lost record justified the judgment. But, in the absence of the pleadings or other competent evidence as to the subject-matter of the litigation, we have no means of applying the judgment to any particular property or to any definite document. The order appointing a guardian ad litem indicated that the infant children of Leander Begley were parties to the litigaton. It is not explained why

they should be parties to a suit against their father, if the suit related merely to a cancellation of the deed to him. Cf. section 492, Civil Code. The legal operation and effect of a judgment must be determined from a construction and interpretation of its terms. If it be couched in ambiguous verbiage so that its meaning is doubtful, reference may be had to the pleadings in the case, and the interpretation made in the light of what they show. 34 C. J. pp. 501-506, secs. 794, 796; Four Mile Land Co. v. Slusher, 107 Ky. 665, 55 S. W. 555, 21 Ky. Law Rep. 1427.

Extraneous evidence, in the absence of any better means of proof, may be admissible to show what was embraced by the judgment and to aid the record, 34 C. J. p. 506, sec. 803; 22 C. J. p. 1279, sec. 1707; Green v. Com., 181 Ky. 253, 204 S. W. 82; Bagby v. Warren Dep. Bank, 49 S. W. 177, 20 Ky. Law Rep. 1357; Maize v. Bowman, 93 Ky. 205, 19 S. W. 589, 14 Ky. Law Rep. 121, 17 L. R. A. 81.

But, in the absence of the pleadings and proof, and without other evidence as to the subject-matter of the litigation, the judgment was insufficient to show that it affected the deed or land in question here.

"According to Coke, an estoppel must 'be certain to every intent;' and if upon the face of a record any thing is left to conjecture as to what was necessarily involved and decided, there is no estoppel in it when pleaded, and nothing conclusive in it when offered as evidence." Russell v. Place, 94 U. S. 606, 610, 24 L. Ed. 214; Aiken v. Peck, 22 Vt. 260; Hooker v. Hubbard, 102 Mass. 245.

The judgment relied upon referred to some contract and to certain lands, but we are unable to identify either the land or the contract with which it purported to deal. Hence the case must be decided without reference to the decree.

The appellants invoke the statutes of limitation of fifteen years (section 2505) and thirty years ( section 2508). It appears from the record that Farris Begley, on December 4, 1883, executed a mortgage upon the land in controversy to secure a debt of $625. The mortgage was enforced in 1885 by a decree in equity, pursuant to which a judicial sale was had and a commissioner's deed was made to Clarke Eversole on May 12, 1887. Clarke

Eversole testified that he took possession of the property at that time and had maintained possession thereof as his own land adverse to all the world until he conveyed it to Henry Turner on February 23, 1906. Henry Turner was then placed in possession of the property and continued to exercise all the rights of ownership until he conveyed it to John Turner on August 31, 1909. John Turner was in sole and undisputed possession of the property from the time he acquired it until his death in 1927. The appellants are his children, and they have maintained possession and managed the propery since the death of their father. The petition in this action was filed July 14, 1928, which was more than forty-one years after possession of the land had been taken by Clarke Eversole. A cause of action then accrued to the true owner, and he had a right to sue for the recovery of the land. The fact that Leander Begley was insane did not prevent the accrual of his right of action. It was a disability which extended the period of limitation in so far as the fifteen-year statute was involved, but it had no effect upon the accrual of his right of action. A cause of action accrues when he right to institute and maintain a suit arises, and it is not dependent upon the capacity of the person in whose favor the right exists. City of Covington v. Patterson, 191 Ky. 370, 230 S. W. 542; Henderson v. Fielder, 185 Ky. 470, 215 S. W. 187; Amy v. Dubuque, 98 U. S. 470, 25 L. Ed. 228.

Provision is made for the institution and prosecution of actions and appeals on behalf of persons laboring under disabilities.

The fifteen-year statute did not run against Leander Begley because he was insane at the time possession was taken adverse to him. Hale v. Ritchie, 142 Ky. 424, 134 S. W. 474; section 2505. That section of the Statutes cannot be applied against a person of unsound mind, until three years after the removal of the disability. Section 2506, Ky. Sats.; Campbell v. Whisman, 183 Ky. 256, 209 S. W. 27; Dukes v. Davis, 125 Ky. 313, 101 S. W. 390, 30 Ky. Law Rep. 1348; Parsons v. Justice, 163 Ky. 737, 174 S. W. 725; Collins v. Lawson's Committee, 140 Ky. 510, 131 S. W. 262. But section 2508, Ky. Stats., provides that the period within which an action for the recovery of real property may be brought shall not, in any case, be extended beyond thirty years from the time at which the right to bring the action first accrued to the

plaintiff, or the person through whom he claims, by reason of any death or the existence or continuance of any disability whatever. It is settled by the decisions that no disability whatever can save the right to bring an action for the recovery of real property adversely held for a longer period than thirty years from the time the right of action first accrued. Stillwell v. Leavy, 84 Ky. 379, 1 S. W. 590, 8 Ky. Law Rep. 321; Conner v. Downer, 4 Bush, 631; Medlock v. Suter, 80 Ky. 101; Bradley v. Burgess, 87 Ky. 648, 10 S. W. 5, 10 Ky. Law Rep. 701; Bransom v. Thompson, 81 Ky. 387; Mantle v. Beal, 82 Ky. 122; Sutton v. Pollard, 96 Ky. 640, 29 S. W. 637, 16 Ky. Law Rep. 685; Butler v. McMillan, 88 Ky. 414, 11 S. W. 362, 11 Ky. Law Rep. 23; Watkins v. Pfeiffer, 92 S. W. 562, 29 Ky. Law Rep. 97; Louisville & N. Ry. Co. v. Thompson, 105 Ky. 190, 48 S. W. 990, 20 Ky. Law Rep. 1110; Rose v. Ware, 115 Ky. 420, 74 S. W. 188, 24 Ky. Law Rep. 2321; Hargis v. Flesher Petroleum Co., 231 Ky. 442, 21 S. W. (2d) 818.

The limitation of thirty years applies no matter what the character of the disability may be. Hale's Heirs v. Ritchie, 142 Ky. 424, 134 S. W. 474; Foust v. Hill, 215 Ky. 364, 285 S. W. 235.

In this case the right of action accrued to Leander Begley at least when Clarke Eversole took possession of the property under the commissioner's deed in 1887. That right continued to exist every day thereafter that adverse possession was maintained. Noe v. Russell, 213 Ky. 746, 281 S. W. 1033. Since it is shown that the adverse possession continued without interruption, the right of Leander Begley, or his representative, to recover the land, was barred in thirty years. But it is argued that interruptions in the adverse possession occurred which precluded the operation of the statute. The property was improved with fences and had houses where tenants resided, and the only interruptions were casual ones which consisted merely of changing tenants. A change in tenants does not constitute a break in the continuity of possession. Combs v. Ezell, 232 Ky. 602, 24 S. W. (2d) 301.

The adverse possession which began at least in 1887 had been maintained twenty-five years when Leander Begley died in 1912. At least one of his children, Docia, was then living and free from disability. A cause of action then accrued to the children of Leander Begley,

and yet no action was instituted for sixteen years there-after. The rule is established that, when a right of entry accrues to the heirs, and all of them are under disability at the time, limitation does not begin to run against them until it is removed from all of them. But, if any of them are free from disability, the statute starts, and the disability of others does not prevent the statute from running against all of the class. Wilcox v. Sams, 213 Ky. 696, 281 S. W. 832; Hale v. Ritchie, 142 Ky. 424, 134 S. W. 474; Clark v. Trail, 1 Metc. 35; Elkhorn Land & Imp. Co. v. Wallace, 232 Ky. 748, 24 S. W. (2d) 560; Henderson v. Fielder, 185 Ky. 482, 215 S. W. 187.

It is apparent, therefore, that the rights of the appellees were barred by limitation, and the court erred in adjudging them any interest in the land.

This conclusion renders unecessary any consideration of he question raised by the appellants respecting the litigation between Elizania Napier and Clarke Eversole ending in a judgment in 1905 in favor of the latter.

The judgment is reversed for proceedings consistent with this opinion.