### PHILLIPS v. LOUISVILLE & N. R. CO.

(Circuit Court, N. D. Alabama, E. D. May 18, 1907.)

1. COSTS—SUITS IN FORMA PAUPERIS—INTEREST OF ATTORNEY.

Where plaintiff's attorney was financially interested in the result of an action brought in the federal court, plaintiff could not obtain an order permitting him to sue in forma pauperis, as authorized by Act Cong. July 20, 1892, c. 209, § 1, 27 Stat. 252 [U. S Comp. St. 1901, p. 706], without a showing that plaintiff's attorney was also unable because of poverty to give security.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 502, 508.]

2. ATTORNEY AND CLIENT—CONTRACT FOR SERVICES—CONSTRUCTION.

A contract between plaintiff and his attorney provided that plaintiff agreed to pay the attorney in full settlement of his fee an amount of money equal to one-third of any amount recovered in the cause by settlement or otherwise. The contract also stipulated that the attorney should not settle the suit without plaintiff's consent for less than the total amount sued for, and that the attorney should have full authority to do all such acts as he might deem necessary and proper in the premises, with power to associate or substitute other attorneys with him at his option. *Held*, that the contract provided for a contingent fee, and vested in the attorney a pecuniary interest in the suit.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 5, Attorney and Client, § 353.]

3. COSTS—SUITS IN FORMA PAUPERIS—APPOINTMENT OF ATTORNEY.

Act Cong. July 20, 1892, c. 209, § 1, 27 Stat. 252 [U. S. Comp. St. 1901, p. 706], authorizes impecunious persons to prosecute suits in the federal courts without giving security for costs, and section 4 authorizes the court to assign counsel to prosecute the suit on behalf of such plaintiff. *Held*, that where plaintiff had secured counsel under a contract for a contingent fee, who had commenced the suit, filed pleadings, and prosecuted the case through two mistrials, plaintiff was not thereafter entitled, on the making of an application for security for costs, to an order rescinding his contract with his attorney and permitting him to sue in forma pauperis and to the assignment of counsel by the court.

Petition and Motion to Vacate Order Requiring Security for Costs.

Stallings & Drennen, for petitioner.
Knox, Acker & Blackmon, for defendant.

HUNDLEY, District Judge (orally).    This is a petition filed by the plaintiff in this cause praying this court to vacate and set aside a former order requiring the plaintiff to give security for costs, and is predicated upon the following statement of facts, which are not questioned:

The plaintiff filed a suit in this court against the Louisville & Nashville Railroad Company, and at the time of filing said suit filed an affidavit, as required by Act Cong. July 20, 1892, c. 209, § 1, 27 Stat. 252 [U. S. Comp. St. 1901, p. 706], stating his inability to pay the costs or secure the same.    After the filing of this affidavit, and before the trial of this cause, the defendant, Louisville & Nashville Railroad Company, filed a motion at a prior term of this court to require the plaintiff to give security for costs upon the following grounds, to wit:    First. That it does not appear from the affidavit filed by the plaintiff in this cause that no other person having interest in the result of this suit is unable to give security for costs. ˙ Second. That it does not appear that those pecuniarly interested in the result of this suit are by reason of their poverty unable to secure the costs of this proceeding.    Third. Because such affidavit fails to aver that the distributees or those having pecuniary and contingent interest in the result of this suit are, by reason of their poverty, unable to give security for the costs of this suit.

. At the prior term of this court, at which said motion was heard, the facts stated in the motion being confessed, and it further being admitted in open court that the attorneys for the plaintiff were interested to the extent of one-third of any amount that the plaintiff might recover, Judge Harry T. Toulmin, of the Southern district of Alabama, sitting by assignment as judge of this court, granted the motion of the defendant railroad company and required the plaintiff to give security for costs.

The plaintiff now files his petition, setting forth the facts as herein stated, and moves the court to vacate and set aside the order heretofore granted as being improvidently made, and asks that he be entitled to the process of this court in his said cause without any security or deposit for costs, and that his attorneys be relieved from further payment of said costs in court.    As an exhibit to said petition, and as a part thereof, there is attached the written contract of employment the plaintiff has with his attorneys in this cause; said contract being in words and figures as follows, to wit:

' "State of Alabama, Jefferson County.
"Know all Men by These Presents, that I, Joe Phillips, have and do hereby employ J. F. Stallings, to represent me and to bring suit against the Louisville & Nashville Railroad Company, for personal injuries received by me, December 22, 1905, while a passenger, giving and granting unto him, full power and authority to do all such acts as he may deem necessary and proper in the premises, and to that end, with full power to associate or substitute other attorneys with him, at his option.    In consideration of said attorney accepting said employment I hereby agree to pay to him in full settlement of his fee an amount of money equal to one-third of any amount recovered by him in said

case, by settlement or otherwise.  Said attorney not to settle said suit, without my consent, for less than the amount sued for.
"[Signed]                                         Joe Phillips.
"Witness:  Jim Phillips."

The plaintiff further prayed, in his petition, that, in the event this court should decide and determine that he is not entitled to proceed in said cause without deposit or security of costs of further proceedings in said cause, so long as the employment of his attorneys is based upon this agreement, then, in that event, this court will appoint said attorneys who are familiar with the cause to represent him in the trial of said cause, and that said attorneys have such compensation for their services in this matter as may be fixed or determined as reasonable by this court.  The petition concluded with the usual general prayer for relief.

The first question to be considered in this matter is:  Was the order made by Judge Toulmin correct as a matter of law, based upon the admission made by the attorneys for the plaintiff that they were interested to the extent of one-third of any amount that might be recovered?

By the Act of Congress approved July 20, 1892, any citizen of the United States entitled to commence any suit or action in any court of the United States, who is unable, by reason of poverty, to prepay fees or give security for costs, may have process and all the rights of other litigants and may have counsel assigned to represent him free of charge, by making a sworn statement in writing showing the above facts, and that he believes himself to be entitled to redress by such suit or action.  27 Stat. 252, c. 209.  This statute is of a charitable and beneficent nature.  Its sole purpose is to enable persons, who, in good faith, are unable, on account of poverty, to prosecute any suit or action in the courts of the United States, to obtain a fair chance to have their rights adjudicated.  It is not intended that the statute should be used directly or indirectly to benefit those who are able to prosecute their suits.  The citizen seeking the benefit of the statute, and making the affidavit of poverty required thereby, must of necessity be the only person benefited by his cause of action.  It surely was never intended by the statute that two or more persons should be interested financially in the result of a suit or action brought, and that, if one of them happens to be without means, this one can be permitted to make an affidavit of poverty and secure the benefits of the statute for the other parties to the suit who are able to prosecute same, even though they may not appear by name as parties.  The admission by the attorneys for the plaintiff that they were interested to the extent of one-third of any amount that might be recovered made them financially interested in the result of the lawsuit, and, unless they too could make and file an affidavit as to their poverty, the plaintiff in this cause could not obtain the benefit of the statute.

As was said in the case of Boyle v. Great Northern Railway et al. (C. C.) 63 Fed. 539:

"There is no question but what a poor person can prosecute his cause and obtain a full hearing, but at the same time litigation is not to be fostered and encouraged by allowing the plaintiff to evade any expense which he makes.

This is a duty of any party having sufficient means, and is not to be evaded. If he is not able to pay costs or give security for them, he can have justice without it. But a person who acquires by contract an interest in any litigation, and a right to share in the fruits of a recovery, and who is not entitled to sue in forma pauperis, cannot be permitted, under cover of the name of a party who is a poor person, to use judicial process and litigate at the expense of other people. I think it does make a difference whether the plaintiff has made a contract with his counsel for their compensation. It makes this difference: That, after a contract has been made with counsel for a pecuniary interest in a lawsuit, the case is carried on partially for their benefit; and, if they are able to pay the expenses of the litigation, it is unjust for the court to allow the litigation to go on for their benefit without expense, on the pretense that the plaintiff is unable to pay. I shall require a showing that the plaintiff is unable to pay or secure the costs, and that there is no person interested, by contract or otherwise, in the cause of action, or entitled to share in the recovery, who is able to pay or secure costs. I think that such a rule is in keeping with the meaning and spirit of this law, and it is founded in reason."

This same question is also decided in the case of Feil v. Wabash Railroad Company (C. C.) 119 Fed. 490. That case was decided upon a motion to secure costs, based upon the same facts as the case at bar. In that case the court says:

"In such cases a plaintiff represents not only her own interest, but also that of attorneys in the case. She sues for herself and as trustee for others. She may be poor, and, standing alone, might be entitled to the beneficient provisions of the act of 1892; but in her representative capacity she cannot be poor within the meaning of that act, unless the beneficiaries whom she represents are also. In my opinion, no petition to sue as a poor person can avail unless it discloses that all the beneficiaries, as well as the nominal plaintiff, come within the purview of the act."

In the case of The Bella (D. C.) 91 Fed. 540, it was stated by the court, in rendering the opinion, that:

"Permission to prosecute this suit in forma pauperis, in behalf of the intervener, would not have been granted if the court had been informed that the attorneys claimed any interest in the suit or a right to share in the proceeds of a recovery."

The case of Reed v. Pennsylvania Company, 111 Fed. 714, 49 C. C. A. 572, was an action by the widow and administratrix of a deceased person to recover for the tortious killing of her intestate and husband. In that case Judge Lurton, in delivering the opinion of the court, quoted approvingly the case of Boyle v. Railroad Company (C. C.) 63 Fed. 539, and held that, under the Ohio statute, authorizing such an action in the name of the widow and administratrix, wherein damages recoverable are for the benefit of the widow and children of the deceased, they are the real parties in interest, and that, although the affidavit showed sufficiently the poverty of the widow, it was defective in not making a like showing in behalf of the children of the deceased.

Now we come to the consideration of another question presented by the petition. It is insisted that the written contract between counsel and the plaintiff in this cause in reference to the payment of their fees, which written contract is made a part of petition, shows upon its face that the fee provided therein is not in fact a contingent fee, but merely a contract setting forth the basis upon which the amount of

the fee to be paid is to be determined, and it is insisted that therefore the security of costs should not be required of the plaintiff. I confess that I am unable to discover a material distinction between the written contract and the admission made in open court. It will be noted that the agreement stating the payment of the fee is in the following words:

"I hereby agree to pay him in full settlement of his fee an amount of money equal to one-third of any amount recovered by him in said cause by settlement or otherwise."

Now, does the mere statement in writing that the fee to be paid is an amount of money equal to one-third of any amount recovered change in fact the contingent nature of the contract? Clearly not. To hold otherwise would be but a mere juggle of words. It will be noted in the written contract that there is no provision whatever for the payment of the fee in case nothing is recovered of the defendant in the suit. The plaintiff is admitted to be a pauper and unable to pay any fee in any event, save alone in the happening of the event of his recovery in this suit. Then from what source is the fee to be recovered? The conclusion is inevitable, from the amount of the recovery alone.

Again, the basis of the fee charged is not gaged, nor attempted to be gaged, by the amount of skill, time, or trouble required of counsel in the case, but is gaged and fixed alone upon the basis of the amount of recovery. To show further that the written contract is clearly contingent in its nature, it contains the further stipulation that the attorney is not to settle the suit without the consent of the plaintiff for less than the total amount sued for. This is an unusual and extraordinary provision in a contract of employment and was evidently inserted for the purpose of protecting both the attorney in securing his fee, as well as the plaintiff in securing the largest amount possible under the action.

Furthermore, it must be noted that no effort **is** made to protect either the attorney or the plaintiff, except in the case of recovery from the defendant. There is also another extraordinary provision in this contract not usual or customary between attorney and client in this. Full power and authority is given to counsel to "do all such acts as he may deem necessary and proper in the premises, and to that end, with full power to associate or substitute other attorneys with him at his option." The relation of attorney and client is an intimate and confidential relation. If the fee of one-third of the amount of the recovery was not in fact the chief desideratum in the contract under consideration, then what in fact was the moving cause, which induced the plaintiff to agree that other attorneys, mere strangers to the plaintiff for aught he knows, might be "substituted" or associated in the case? What compensation is provided for these other attorneys who are to be substituted for the attorney who is a party to the contract? Is that a usual or reasonable provision in a contract of employment between counsel and client? And, even if it is a usual and customary provision, it is clear from the reading of the whole contract that any and all attorneys who may be employed in the case are to obtain their fees wholly and solely from the amount that may be re-

covered of the defendant in this case; the extent of that amount to be fixed solely upon a sum of money equal to one-third of such recovery. I fail to see that the written contract changes in any manner the admission in open court heretofore made by counsel that their fee is contingent upon the amount of recovery in this cause. Therefore, not only in view of the written contract alone, but also in view of the admission made in open court with reference to the basis of the fee agreed upon between plaintiff and his counsel, the motion of the plaintiff to vacate and set aside the order of Judge Toulmin heretofore made in this cause is denied and overruled.

I now come to the consideration of a further prayer in the petition filed by the plaintiff; and that is, in case this court should decide and determine that under the facts of this petition the plaintiff is not entitled to proceed without deposit or security of costs so long as the employment of his attorneys is based upon the terms of their contract, then that this court appoint the said attorneys who are familiar with this cause to represent him in this trial, and that said attorneys have such compensation for their services as may be fixed or determined by the court as reasonable. Section 4 of the act of July 20, 1892 (chapter 209), is cited as authority under which the court could take such action. As I have already said, the law under discussion is a charitable act, and is intended to give "any citizen of the United States entitled to commence any suit or action in any court of the United States" the right to do so by filing his statement under oath that because of his poverty he is not able to pay the costs of the suit or action.

By the undisputed facts of this case, the plaintiff's credit was sufficient to enable him to employ counsel to commence action in this cause, file pleadings, and actually prosecute this case in two trials, which have already been held, resulting in mistrials. It will be noted that the reading of the statute refers to the right of any citizen to "commence and prosecute to conclusion" his suit. Being able, therefore, without resorting to the affidavit of poverty, to secure counsel to commence his cause, such counsel could by proper proceedings in the absence of their contract, secure a lien upon the amount of recovery in this case for a reasonable attorney's fee. The section of the act under which this court is requested to make an order of assignment of counsel is a part of the same act of July 20, 1892, providing for the manner in which suits shall be commenced and prosecuted in forma pauperis. The title of the act is as follows: "An act providing when the plaintiff may sue as a poor person, and when counsel may be assigned by the court." It will thus be seen that the matter of assigning counsel is part and parcel of the same act providing for the manner in which such suits may be commenced and prosecuted. Therefore section 4 of said act must be construed together with section 1 of the act; the latter section being the section providing for permitting suits in forma pauperis.

Construing these two sections of the act together, and applying the facts in this case, I cannot say that this is a case in which the court is called upon to assign counsel for the plaintiff. Lawyers are, to some extent, a part of the court itself. They are, at any rate, officers

of the court. It is a part of the ethics of the legal profession, to say nothing of what is right, just, and proper, that they will not permit the rights of any litigant to suffer because of his inability, through poverty, to pay counsel to represent him. Plaintiff has already secured counsel by contract satisfactory alike to both counsel and client. To permit counsel now to repudiate this contract and be assigned by this court would be to permit by indirection that which this court has decided could not be done directly. Furthermore, section 5 of the act provided that, at the conclusion of the suit, judgment for costs may be rendered as in other cases, "provided, that the United States shall not be liable for any costs thus incurred." It will thus be seen that whatever service is rendered by officers of the court in civil suits in forma pauperis would be at the expense of the officers of the court, as being a part of the burthen of the office which they hold, should judgment for costs be adverse to the plaintiff. The clerk and marshal, therefore, are entitled in their right to collect all fees they have earned for service at the instance of the plaintiff in this cause, should he cast in the suit, and if not unwarranted by law it would at least be unwarranted in all fairness to these officers, and if not in contravention of the letter of the law, at least of the spirit of the act of July 20, 1892, did I now at this late stage in these proceedings permit the order heretofore made in this cause to be set aside, and now enter an order to permit the plaintiff to take advantage of the statute. The Bella (D. C.) 91 Fed. 540.

The prayer of the plaintiff, therefore, that this court appoint counsel to represent him in this cause, and that he be entitled to proceed without deposit or security of costs is denied and overruled.