ESQUIBEL v. ATCHISON, T. & S. F. RY. CO.

(District Court, D. New Mexico. May 16, 1913.)

No. 205.

Costs (§ 128*)—Suits in Forma Pauperis—Interest of Attorney.

 Plaintiff cannot take advantage of Act June 20, 1892, c. 209, 27 Stat. 252 (U. S. Comp. St. 1901, p. 706), permitting the prosecution of suits in forma pauperis, without prepayment of or the giving of security for costs, upon the making of affidavit of inability to do so because of poverty, where her attorneys are prosecuting the case on a contingent fee basis and are admittedly able to give security for the costs.

 [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 497, 499, 503, 511; Dec. Dig. § 128.*]

Action by Eulalia T. Esquibel, as administratrix, against the Atchison, Topeka & Santa Fé Railway Company. On motion to require plaintiff to give security for costs. Motion granted.

Elmer E. Studley, of Raton, N. M., for plaintiff.
R. E. Twitchell, of East Las Vegas, N. M., for defendant.

POPE, District Judge. Motion has been made herein for security for costs from the plaintiff. An affidavit has been filed on her behalf, setting up poverty, and thus the right to sue without security for costs under the provisions of Act June 20, 1892, 27 Stats. c. 209, page 252 (U. S. Comp. St. 1901, p. 706). As against this latter an affidavit has been filed on behalf of the defendant, setting up that the attorneys in the case are prosecuting the case upon a contingent fee, and are thus interested in the result of the litigation. This is admitted by plaintiff's counsel upon the hearing of the motion for security for costs. The question raised is whether under such circumstances the showing for leave to sue in forma pauperis must include a showing that the attorney, who has an interest in the result of the case, as well as the plaintiff and the other beneficiaries (she suing as administratrix), is unable to give security for costs.

The federal authorities which have construed the law on the subject above cited are unanimous in the holding that the showing, to be complete, must be to the effect, not only that the plaintiff herself is unable

to furnish security, but that all persons interested in the result of the suit must likewise be shown to be thus unable to furnish security. Boyle v. Great Northern R. Co. (C. C.) 63 Fed. 539; The Bella (D. C.) 91 Fed. 540; Reed v. Pennsylvania Co., 111 Fed. 714, 49 C. C. A. 572 (opinion by Circuit Judge Lurton); Feil v. Wabash R. Co. (C. C.) 119 Fed. 490; Phillips v. Louisville & N. R. Co. (C. C.) 153 Fed. 795.

This construction of the statute seems to be proper, in order that its purposes may be effectuated, and the motion for security for costs in this case will accordingly be sustained; it being admitted on the hearing that the attorneys interested are able to give security for costs. The amount of cost bond is fixed in the sum of $250, to be approved by the clerk.