## LEONARD v. TOLEDO, ST. L. & W. R. CO.

## MONNETT v. PENNSYLVANIA CO.

(District Court, N. D. Ohio, W. D. April 24, 1916.)

Nos. 2511, 2527.

ATTORNEY AND CLIENT ⬤═60—DISBARMENT—EFFECT.

A contingent fee contract to prosecute a case for personal injuries, which, under the laws of Ohio, is valid only when not coupled with a provision giving the attorney the exclusive control of the case, or preventing the claimant from adjusting the case without the consent of the attorney, and which gives him only an equitable interest in the subject-matter, does not make the attorney a party in interest, and entitled as such to appear to advocate his cause in person, so as to entitle him to appear therein after the case was removed to a federal court, which had disbarred the attorney from practice before it for misconduct involving moral turpitude.

[Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. § 83; Dec. Dig. ⬤═60.]

⬤═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Separate actions by James A. Leonard against the Toledo, St. Louis & Western Railroad Company and by Joseph Monnett against the Pennsylvania Company. Application by Charles A. Thatcher for permission to appear and try said cases. Application denied.

In Case No. 2511:

G. B. Keppel, of Toledo, Ohio, for plaintiff.

Clarence Brown and Chas. A. Schmettau, both of Toledo, Ohio, for defendant.

In Case No. 2527:

T. F. Connell, of Toledo, Ohio, for plaintiff.

Marshall & Fraser, of Toledo, Ohio, for defendant.

KILLITS, District Judge. The issue now before the court is the same in each of the cases whose titles head this memorandum. These causes of action were first brought in the state court, and had been removed by the respective defendants to this court, and are now pending here on a motion to remand. It appears that one Charles A. Thatcher, an attorney at law qualified to practice in the state courts of Ohio, but not competent to practice in this court, has entered into a contract with each of the plaintiffs in these causes by virtue of which, as compensation for his professional services in prosecuting such cause of action to judgment, he shall have a fee, to be paid out of the judgment recovered only, of a certain percentage, the amount of which is not made known to the court. In other words, said Thatcher is under contract with each of the plaintiffs to prosecute these several causes of action to judgment for what is known as a contingent fee.

By judgment of this court, handed down in November, 1911, said Thatcher was disbarred, as an attorney at law, counselor and advocate in equity, and proctor in admiralty, from practice in this court for professional misconduct involving moral turpitude. Our judgment against said Thatcher in that behalf has been sustained by the Circuit Court of Appeals of this Circuit on error, and relief to him against the effect of said judgment has been denied by the Supreme Court of the United States.

Application has now been made by said Thatcher through G. B. Keppel, an attorney admitted to the bar of this court, for permission to appear at the bar of this court and try each of said cases and present any matters touching the same, notwithstanding his aforesaid disbarment and his present incompetency to appear as an attorney at law in this court ordinarily, on the ground that, having the aforesaid contingent interest in each of those cases, he is a party in interest and entitled so to appear because of the privilege accorded to any person to advocate his cause before the court in person. In support of the application we are referred to the cases of Phillips v. Louisville & Nashville Railroad Co. (C. C.) 153 Fed. 795; Esquibel v. Atchison, T. & S. F. Railway Co. (D. C.) 206 Fed. 863; Silvas v. Arizona Copper Co., Limited (D. C.) 213 Fed. 504.

These cases, in our judgment, are not in point. They hold only that, where one otherwise would be entitled to the privileges of the federal statute permitting prosecution of his cause in forma pau-

peris, the cause may not be so prosecuted when the claimant of the cause of action has assigned a contingent interest therein to some attorney as compensation for services in prosecuting the same, unless it shall appear also that the attorney is a pauper. The reasoning of these cases is confined exclusively to a consideration of the purpose of the federal statute permitting prosecution of causes in forma pauperis. They do indeed hold that an attorney taking such a contingent contract has a pecuniary interest in the case, which no one doubts.

In determining this application adversely to the applicant, it is not necessary at this time to consider anything more than the character of the interest which Mr. Thatcher has in these cases, as declared by the highest state court of Ohio. The best we can say for the application would be that, if it could not be granted by the state court, it ought not be granted here. The Supreme Court of Ohio has held that contingent fee contracts are valid, when not coupled with a provision that the attorney beneficiary has exclusive control of the case, or with a provision preventing the claimant from adjusting the case without the consent of his attorney under the contingent fee contract. The last case on the subject is Davy et al., Partners, v. Fidelity & Casualty Insurance Co., 78 Ohio St. 256, 85 N. E. 504, 17 L. R. A. (N. S.) 443, 125 Am. St. Rep. 694. It will occur immediately, because of the distinction made in the case just cited to which we have alluded, that the financial interest which an attorney under contingent fee contract acquires thereby does not reach the status of one having full and independent interest in the subject-matter, an interest so independent as to dignify its holder with the right to claim in a court of law the same privilege to conduct his cause personally which his client holds.

So the courts of Ohio have uniformly held that assignment of a contingent interest in consideration of the prosecution of a claim to judgment gives the holder nothing more than an equitable interest in the subject-matter. Mr. Thatcher himself raised this question, and it was decided adversely to him by the Supreme Court of Ohio unanimously in the case of Pennsylvania Company v. Thatcher, 78 Ohio St. 175, 85 N. E. 55, wherein it was held that such a contract as the applicant claims to hold in the present cases does not give him the right to impose upon the alleged tort-feasor an obligation to account to him for a share of the compensation for injuries accruing to his client; the court approving and quoting from the language of Weller v. Jersey City, Hoboken & Paterson St. Ry. Co., 66 N. J. Eq. 11, 57 Atl. 730. The rule is especially applicable to cases wherein compensation is claimed for personal injuries, and it has been repeatedly noticed that there is a special mischief in permitting one who is not injured to control, by an attempted assignment, the adjustment of a claim for damages in such cases, as the extent of damages can be appreciated only by the actual sufferer, who alone is competent to close negotiations for settlement. As Lord Tenterden, quoted by the New Jersey court, observed, one whose only interest in a claim is the "hope of spoils" cannot, in a personal injury case, acquire by assignment the competency of a real party in interest.

It will readily occur to the average intellect that for the court to

grant this application would be to reverse its solemn adjudication that the applicant is unworthy of the court's confidence, and that the court no longer should be in position to depend upon him for those confidential and trustworthy ministrations which every court has the right to expect from the members of its bar. In other words, the application amounts to a request to the court to permit the applicant to appear again before this court in that sort of legal practice in which he especially indulges.

The application is denied.