## Ratliff et al. v. Sinberg.

(Decided March 1, 1935.)

204

F. W. STOWERS for appellants.

STRATTON & STEPHENSON for appellee.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

In February, 1891, J. H. Leslie and wife conveyed to Meyer Schamberg a tract of land of some 550 acres, situated on Cow Pen creek, Pike county, Ky. Some time later, but prior to November of that year, J. H. Leslie gave to his daughter, Mary J., who was then the wife of Jasper Reynolds, $1,250 (for her and her children) as an advancement out of his estate, for the purpose of buying land with it. On November 27, 1891, Meyer Schamberg, the grantee of Leslie in the above-mentioned February deed, executed and delivered a deed to Mary J.'s husband, Jasper Reynolds, for 354.7 acres of the bottom and hill lands of this tract, the deed expressly covenanting that there was reserved to grantor, his heirs and assigns, the coal and minerals and oil and gas, and saw log timber in, under, and on the lands described in the deed as "the hill lands," containing 324.7 acres, together with the mining rights and privileges described therein, which deed was duly recorded in deed book 6, page 183, of the Pike circuit court records.

On November 10, 1896, Jasper Reynolds having died, Mary J. Alley, his widow (who had married Paul Alley and by whom she had two children), brought a suit in the Pike circuit court against the children of Jasper Reynolds, her first husband, in which she alleged that she had paid the purchase money for said lands, which had been wrongfully conveyed to Jasper Reynolds, and that, when he took title thereto in his name, without her knowledge or consent, he held same as a trustee, under a resulting trust to her therefor, which upon her husband's death descended to his children impressed with such trust. Meyer Schamberg, his

grantor, then a nonresident, was also made a party defendant and warning order made for him. Schamberg did not appear personally or by attorney, but was before the court only by warning order.

The petition, it appears, sought no personal relief against Schamberg, its prayer asking only that the deed as executed by him to Jasper Reynolds be canceled or corrected so as to inure to benefit of plaintiff and her heirs instead of to his heirs, and, if necessary to such end, prayed that Meyer Schamberg be compelled to execute a new deed to her.

Upon final submission of such pleading, a judgment was entered thereon in 1898, adjudging to the plaintiff, Mary J. Alley, a life estate in the land and to her heirs at law the remainder in fee, and a special commissioner was appointed to make deed as directed "to Mary J. Alley * * * for her life and the remainder to her heirs in fee."

Pursuant to such direction of the judgment the deed was so made by the commissioner, who added thereto in harmony with his interpretation of it the following reservation:

"The commissioner reserves the minerals, oil, gas and timber as set out in deed of Meyer Schamberg, etc. to Jasper Reynolds, of date November 27, 1891 and recorded in deed book 6, page 184 and modified judgment Pike circuit court."

An inspection of the record of this commissioner's deed shows that this clause of reservation and exception inserted in it has been stricken or crossed out of the deed by some one after the deed was recorded. However, it further appears that by numerous deeds of partition and conveyance thereafter executed by the heirs of Mary J. Alley and Jasper Reynolds it is recited that "it is fully understood that the minerals are sold off the said land."

In June, 1930, Hermine S. Sinberg filed this action, reciting that her father, Meyer Schamberg, had died intestate in July, 1928, a resident of Philadelphia, Pa., and left surviving him this plaintiff as his only heir at law. She further alleged that upon her father's death she inherited the title to all the coal, minerals, oil, and gas, with the mining privileges thereof, and the

saw log or merchantable timber standing on said lands, together with the right of cutting and removing same under and by reason of his reservation thereof from his deed to the land to Reynolds. Further, she alleged that, upon her father's conveyance thereby of the surface only of the lands in question to Reynolds, there was a severance effected of the estates in said lands, whereunder the estate to the surface was vested in Jasper Reynolds and descended to his heirs upon his death while the estate to the coal, minerals, timber, etc., not conveyed, but reserved by the deed to the grantor, his heirs and assigns, upon his death descended to and vested in plaintiff. She also alleged that by the judgment rendered by the Pike circuit court in 1898, upon the petition of Mary J. Alley, it was so adjudged in holding that she had a life estate in the land, with remainder in fee to her heirs, and that the scope of the judgment was limited by the allegations of the petition, seeking only the cancellation of the deed as made to her husband as one holding the title he took thereunder in trust for her, and did not support or justify a construction of the judgment rendered as one awarding to her and her heirs a title in fee in the lands, as there was no allegation in the petition that the reservation made in the deed of the minerals, etc., had been made by fraud or mistake, nor was there asked any correction of the deed in such respect. Further the petition alleged that the defendants, as the heirs of Jasper Reynolds and Mary J. Alley, and those to whom they may have conveyed the interests inherited from their parents, are, under the aforesaid judgment, setting up claims to the coal, minerals, oil, gas, and merchantable timber upon the land, expressly reserved by Meyer Schamberg to himself and heirs, and that these claims are such as cast a cloud upon her title to same, for which reason she asked in effect that the commissioner's deed be canceled and set aside only in so far as the same undertakes to cover such coal, mineral, and timber rights and privileges expressly reserved in the deed of her father to Jasper Reynolds, which have descended to her.

Upon final hearing, the chancellor adjudged that the judgment rendered in the aforesaid Mary J. Alley suit must be construed in connection with the allegations of the petition in that case, which sought no relief against the reservations of mineral rights, etc., in the

land conveyed by Meyer Schamberg, but "only sought to get the benefit of the deed as it was by Schamberg executed to Jasper Reynolds vested in Mary J. Alley" by its cancellation and the re-execution of a deed conveying a life estate to her in lieu of that made to Reynolds, and that it was not the intention of said judgment when so construed to divest Schamberg of the title to the property rights and privileges reserved to him, but only to vest plaintiff with such title as was conveyed by the said deed of Schamberg to Jasper Reynolds; and further the chancellor adjudged that the plaintiff, as the only heir at law of Schamberg, became vested on the death of her father, Meyer Schamberg, by descent, with title to the coal, oil, gas, and mining rights and privileges reserved (including saw log timber as of the date of the deed), and that she be quieted in her inherited rights and title under the reservation to the aforesaid property rights and privileges; and in harmony with such holding further adjudged that the commissioner's deed now appearing of record be, and the same is, canceled, in so far as it purports to cover and divest plaintiff of the aforesaid property rights and privileges reserved to Meyer Schamberg in his aforesaid deed to Jasper Reynolds.

The defendants below, questioning the propriety of this holding, prosecute this appeal. They contend: (1) That the earlier judgment of the court rendered in the suit of Mary J. Alley to have Schamberg's deed of the land to her husband, Reynolds, canceled, which awarded her a life estate, with remainder in fee to her heirs, is res adjudicata of the question here in issue, and negatives appellee's ownership of the mineral and timber rights reserved by her father in his deed to Reynolds, since that deed by the judgment was set aside and the lands adjudged in fee to Mary J. Alley and her heirs; (2) that, the court having jurisdiction of the parties and subject-matter, its judgment in awarding these lands in fee to Mary J. Alley and her heirs and divesting Schamberg and his heirs of any right therein under the reservation thereof made in his deed was at best erroneous, and, it having been acquiesced in for some thirty years, during which the appellants, or those through whom they claim, have occupied the land, its vesting them with fee title to both land and minerals cannot now be questioned; (3) that appellee's laches in so long remaining acquiescent in such alleged con-

struction of the judgment estops her from now seeking the correction of the commissioner's deed made pursuant to the judgment, even if originally erroneous.

We cannot agree with these contentions.

In the first place, the possession by the appellants of the surface rights in the lands was not an adverse holding by them of the mineral rights therein reserved to Schamberg, for whom they hold as trustees after the severance of the estate into the two estates of surface rights and underlying mineral rights. In such instance, the possession by the holder of the surface does not constitute a possession adverse to the holder of title to the mineral rights. Neither are we of the opinion that appellee was guilty of laches in not undertaking to sooner question the effect of the judgment rendered, in its terms awarding the land to Mary J. Alley and her heirs in fee, when the commissioner's deed of record executed under the judgment expressly recited that the conveyance of the lands to Mary J. Alley and her heirs for life and in fee respectively was subject to the reservation and exception of the mineral and timber rights therein, as expressly reserved by Schamberg in his deed to Reynolds, to which record reference was made. Also the later partition deeds and conveyances made of the lands by the heirs at law both of Mary J. Alley and her husband, Jasper Reynolds, expressly recite that "it was understood that the mineral rights in said lands were sold" or were not attempted to be conveyed by these several deeds of the said grantors. Such conduct of the heirs and recitals in their deeds certainly tended to show that they had not misconstrued the judgment of the court, in awarding them the land in fee, as vesting them with the mineral, oil, gas, etc., rights therein recited "as sold," or which had been reserved by Schamberg to himself and heirs, but was an express recognition by them that the appellee had not been divested of the reserved property rights in the land under the judgment or commissioner's deed executed pursuant thereto. From this it is apparent that appellants were not misled by the failure of appellee to earlier act in seeking a construction of the judgment to quiet her title in the reserved mineral rights in the lands, when no one was being misled thereby or challenging it. Laches, in order to constitute an estoppel, is not mere delay, but such delay as proves damaging and hurtful to the interests

of others through being deceived and injured thereby. Clearly the appellants who are by the record shown to have been thus continuously aware of and recognizing appellee's mineral rights reserved in the land were not injured through her failure to assert them.

Further, the fact here to be noted and considered as of material importance is that as to what is the scope and effect of the judgment rendered in 1898 upon Mary J. Alley's petition. It certainly is not to be construed as granting more or other relief than was prayed for by the petition. Its allegations sought, not the divesting of the then defendant Schamberg of the mineral rights reserved to him in his deed, but only sought a cancellation of the deed upon the ground that it was wrongfully made to her husband rather than to herself, in that she had paid the consideration for it, and for such reason the title thereto which had been made to her husband against her knowledge and consent was in legal effect held by him under a resulting trust for her. She complained that under the deed as made the conveyed lands had, upon her husband's death, passed only to his heirs, whereas she had other children by her second marriage who should also share in the lands bought by her, as being rightly hers under a resulting trust rather than her husband's, and for the correction of this situation only she asked that the deed conveying the lands to her husband be canceled and that they be conveyed to her, which was adjudged. Even though the judgment, when considered alone, by its language conveys a fee to the lands, it is not susceptible to such interpretation when considered in connection with the allegations of the petition upon which it was based. A judgment must conform with, and be supported by, the pleadings, and its meaning and scope is to be ascertained and limited thereby.

In Coffey v. Clark, 241 Ky. 336, 43 S. W. (2d) 1002, we held that, in determining what land was sold in a partition case as respects res adjudicata, resort must be had to pleadings as well as its description in the judgment. Also in Turner v. Begley, 239 Ky. 281, 39 S. W. (2d) 504, we held that, while the legal operation and effect of a judgment must be determined from a construction and interpretation of its terms, where the meaning of a judgment is doubtful, reference is to be had to the pleadings and an interpretation made in the light of what they show.

Applying these principles to the determination of what is a proper construction of the 1898 judgment before us, in respect to the estate adjudged by it to the appellants in the involved lands, we must needs conclude that, as the pleadings upon which the judgment was rendered clearly show that the mineral rights reserved to Schamberg were not claimed or sought by the petition to be adjudged owned by the plaintiff, we are not at liberty to interpret the judgment (when so limited in its scope by such pleadings) as having the effect of divesting Schamberg or his heirs of the mineral rights by his deed expressly reserved to him.

Appellants also urged that they should here prevail, in that appellee's suit, seeking removal of the cloud from her title to these mineral rights, is one which should be dismissed upon the grounds of champerty and maintenance. We regard such contention as without merit and frivolous, for the reason that, although it is shown by the written contract filed by appellee's counsel that they have brought the present suit for appellee under a contingent fee, the terms of such contract provide only that the appellee agrees to pay second parties (her counsel) "as attorney fee for their services herein an amount equal in value to the oil and gases," etc. We have frequently upheld such employment agreements as valid.

We are therefore, after mature consideration of the several objections urged by appellants to the chancellor's decree appealed from, led to approve the propriety of his judgment as being in harmony with our views, and therefore the same should be, and it is, affirmed.