## Hays v. Madison County et al.

(Decided June 10, 1938.)

E. SHELBY WIGGINS for appellant.

OWEN HISLE for appellees Madison County and Leer.

D. ANDREW SHEARARD for appellees Berea College, Van Winkle and Anderson.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing in part and affirming in part.

Lucy Hays began this action against Madison County, Vernon Leer, Judge of the Madison County Court, John Anderson, Berea College and John Van Winkle, in an effort to recover for losses she claims to have sustained through obstruction of ingress to and egress from her property of 143 acres, by what she alleged was the wrongful and illegal act of the defendants in obstructing the Old Big Hill Road. She was unsuccessful and has appealed.

## The Map.

There seems to have been filed with the petition a crude map of the neighborhood. It has been brought here. We have examined it and have found it very, very crude. Whoever drew it certainly knew not the first rudiments of map making and it has perhaps been to us as much hindrance as help in our efforts to learn and understand the facts in this case. We set out in Hommes' Adm'r v. C. & O. Ry. Co., et al., 268 Ky. 203, 104 S. W. (2d) 434, how to draw a map so as to make it most easily understood, and parties drawing maps for use in this court should observe those suggestions.

On the map before us, its top is South, the bottom is North, the East is on the left and the West on the right, which has added much to our difficulties with this case.

## Where This Was Done.

From the difficulties we have had with this record we are quite sure we can do the reader no greater service than to explain just what was done and where. For many years a public road has led from Richmond in Madison County in a southeasterly direction through McKee in Jackson County, Manchester in Clay County, to Pineville in Bell County. This was an intercounty seat road and was by law enacted in 1920, made a part of our Primary Road System, and described therein as project No. 30. See section 5, Ch. 17, pp. 76, 87, Acts of 1920.

This project No. 30 was by no means the opening of a new highway, but was rather a proposed improvement of a public road that had long existed. On the map which we have mentioned, we find a place on the roadside marked "Grant House" and there is on the roadside a large signboard calling attention to this house and stating that General Grant stopped there for

some days in 1863. That shows this is an old and rather important road, but we are concerned with but a small portion of it which begins on the top of Big Hill in the southern part of Madison County near the line of Rockcastle County, to be more exact at the line of the James Asbury property, and runs thence, down the hill in a general direction slightly west of due north to the premises of John McHone near the foot of Big Hill. This we shall call the "Old Big Hill Road". When this project No. 30 was improved and paved it was called the "Boswell Trail", and in its construction a new route was opened between the James Asbury place and the property of John McHone and a new road was built between these points. This new route made a great curve to the west, thus materially increasing the length of the "Boswell Trail" between the Asbury property and the premises of John McHone over the distance along the old road, but securing thereby a much easier grade.

The "Old Big Hill Road" between the above points was not closed. Most travellers used the "Boswell Trail" while others used the shorter and more direct route along the Old Big Hill Road, while Lucy Hays and other parties whose property lay to the east of the Old Big Hill Road were compelled to use it. Thus there was then two routes leading from the James Asbury place, north to the premises of John McHone.

### Attempted Relocation of Old Big Hill Road.

On August 21st, 1930, James W. Van Winkle filed in the Madison County Court what was styled, "Petition to Open and Close Road." In it he petitioned the Court to close that part of said Old Big Hill Road from Jim Asbury's place at the top of the hill down said hill to the premises of John McHone; further that a new outlet be constructed from said Jim Asbury's place at the top of said hill to the State Highway by the best practical route. That petition was recorded in Madison County Court order book No. 8, at page 75.

The court appointed commissioners to view the premises and make a written report to the Court. On Nov. 2nd, 1930, those commissioners filed their report in which they say:—

"In the matter of opening and closing of the Big Hill Road.

"We the undersigned Commissioners of Madison County Court appointed at the regular October Term thereof, respectfully submit this, our report herein:

"After having been duly summoned, we went upon the ground and went over the whole situation carefully. And find that the old road proposed to be closed is in a location and state impossible to maintain and no further need of same since the building of the "Boswell Trail" and with the opening of the proposed new road it will not be necessary for anyone to get to church, school, mill, or the county seat.

"The proposed new road is a good location, a real necessity for many of our citizens, for their necessary outlet to church, school, mill, and the County Seat, and can be economically constructed and maintained. That it will not take any yard, garden, burial ground, orchard or parts thereof or injure or destroy any buildings. That it passes over the land of Blood and Robert Abner as shown by survey filed herewith and made part of this report.

"That said landowners will freely donate their lands for said purpose and that the expense to the County will be nominal; that this is the only feasible location for said road and we therefore recommend that same be closed at the point of John McHone's line to the intersection with the "Boswell Trail" at the top of Big Hill."

In the Madison County Court there was filed on that day a map or survey as follows:—

"Beginning: (a) S. 11 E. 334 ft, S. 35, W. 475 ft, S. 6 E. 525 ft. to a gate. (b) S. 48 W. 500 ft, S. 54 W. 415 ft, S. 40 W. 618 ft. Big Hill Road."

That map or survey is not signed by anyone, it gives no definite starting point or terminal, and the only evidence we have of where it came from is what is said in the report copied above and this indorsement which appears on the plat itself. "Filed Nov. 2nd 1930, Attest. W. B. Turley, Clerk".

The record shows, on that same day, exceptions were filed by John McHone and others. Just who were

included under the words "and others" nowhere appears.

Nothing was done for some time, but on the 6th day of July, 1931, this was entered in the order book No. 8, p. 426 of the Madison County Court:

"J. W. Van Winkle, etc.

"On Petition to Open and Close Road.

"This cause having been submitted to the Court on the Commissioner's report and findings and the Court having fully considered thereof, it is ordered that the report of said Commission be confirmed and that section of the Old Big Hill Road from James Asbury's place at the top of the hill to John McHone's line be and it is hereby closed.

"And that the new road set out in the petition be opened and dedicated to Madison County for said purpose from the point "A" to the point "B" on the survey filed herewith free of expense to Madison County."

The appellees are earnestly contending that by this last cited order of the Madison County Court the Old Big Hill Road was definitely and finally closed, but it is perfectly evident it was not. The proceeding in the County Court was one to change the location of a portion of the Old Big Hill Road. Every paper filed and every step taken shows that.

A court's judgment must be read and interpreted in the light of what was before it and nothing can be more evident than that what was before the Madison County Court was a proposal to change the location of the Old Big Hill Road by closing a portion of it when a new road was opened to serve the people and the land to the east of it, and formerly served by it. In and by the same judgment by which a portion of the Old Big Hill Road was ordered closed a new road was ordered opened. One was conditional upon the other. The proposed new road has never been opened, hence the Old Big Hill Road has never been legally closed.

The action of John Anderson and Berea College, in placing obstructions in the Old Big Hill Road was unauthorized, and they must answer to Lucy Hays for the damages that resulted to her. See section 4301 et

seq., Kentucky Statutes, and Illinois Central R. Co. v. Ward, 237 Ky. 478, 35 S. W. (2d) 863.

The judgment in favor of John Anderson and Berea College is reversed, with directions to set it aside, to overrule all their demurrers, and for consistent proceedings. As to the other appellees the judgment is affirmed. The appellant is adjudged all her costs against John Anderson and Berea College.

The whole court sitting.