## Sell et al. v. Pierce.

May 21, 1940.

J. S. Sandusky, Judge.

E. Bertram for appellants.

J. G. Smith for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming.

The appellee, J. H. Pierce, brought this action against the appellants, R. L. and R. M. Sell, to recover the possession of a tract of land containing about one acre. It was alleged that the land belonged to Pierce and that he was entitled to the possession of it. After traversing Pierce's allegation, the Sells made a plea of estoppel and further pleaded that they owned the land in dispute. In his reply Pierce traversed the affirmative allegations of the answer and further set out facts with the view of avoiding the plea of estoppel. The affirmative allegations of the reply were traversed of record. Proof was heard and the jury found for Pierce. The Sells are appealing from a judgment on that verdict.

It is insisted that (1) the appellants' plea of res judicata was good; (2) this is a collateral attack upon a judgment; (3) there is no evidence to support the verdict; and (4) the trial court erred in instructing the jury.

John Pierce, the father of J. H. Pierce, owned three tracts of land on the waters of Illwill Creek in Clinton County. Annis Pierce, the wife of John, had a life estate in three adjoining tracts. These six tracts were operated as one farm. John Pierce died some 45 years ago and Annis Pierce died in 1936. In 1890 John and Annis Pierce executed a deed to the one-acre tract of land in dispute to the appellee. Several years later he (J. H. Pierce) erected a house on this tract and made his home there.

In November, 1936, J. H. Pierce, together with some of the grandchildren of John and Annis Pierce, filed a suit to have the six tracts of land sold and the proceeds distributed to the heirs. R. L. Sell, a grandson of John and Annis Pierce, and one of the appellants in this action, was made a party defendant in the suit to sell the land, but no answer was filed by any of the defendants

in that suit. It was adjudged that the land be sold, and at the sale it was purchased by the Christian Lumber Company. The Lumber Company assigned its bid to the appellants in December, 1937. The petition in the land sale suit described the boundaries of the six tracts, and made no exclusion of the one-acre tract deeded to the appellee in 1890. In the judgment and in the commissioner's deed to the appellants the six tracts were bounded by a reference to adjoining lands or by an abuttal boundary.

Having reached the conclusion that the trial judge would have been warranted in giving a peremptory instruction in favor of J. H. Pierce, we deem it unnecessary to discuss in detail the points raised by the appellants.

The deed to the appellee was a matter of record. It is also clear from the record that he took no active part in prosecuting the suit to have the lands sold, though he did say that he talked with the administrator, one of the heirs, about the matter. He said that he had not been in Albany, the county seat of Clinton county, for five or six years before this action was begun, that he was not present at the sale, and that he was living on the tract he now claims when the sale was had. The Lumber Company had constructive notice that the appellee had a deed to one acre of the lands described in the petition in the land sale suit. The company conveyed to the appellants only an equitable title to the property. We can not escape the conclusion from an examination of the record that the appellant, R. L. Sell, knew of the appellee's deed, though he attempted to explain that his grandmother had told him that it was a sham deed. He owned land in and lived in the community, and he knew that the appellee, his uncle, resided on the acre in dispute. We think also that the evidence shows that he knew his uncle claimed title to it.

Subsequent to the assignment of the bid from the Lumber Company, but prior to the execution of the commissioner's deed, R. L. Sell had a surveyor run the boundary of the acre claimed by the appellee. There is proof that he made statements at the time of the survey that he had not bought the acre in dispute, and also that at about the same time he attempted to purchase through others the tract claimed by the appellee. Fur-

146

thermore, R. L. Sell was a party to the suit to have the land sold, and he well knew the purpose of that suit.

We do not interpret the facts and circumstances set forth in the reply of J. H. Pierce relating to the question of res judicata as constituting a collateral attack upon the judgment in the action to sell the lands. What he was attempting to do was to show that that judgment was not intended to and did not include the tract claimed by him. We have noted that the judgment described the lands by a reference to adjoining landowners and that the commissioner's deed did the same. As was said of such a deed in Coffey v. Clark, 241 Ky. 336, 43 S. W. (2d) 1002, the description is vague, uncertain and indefinite, and, under such circumstances, resort must be had to other means to tell exactly what land passed by the judgment. Resort must be had also to the pleadings. It is clear from what has been said that the pleadings in the land sale suit showed clearly that the purpose of the action was to sell the lands belonging to John and Annis Pierce and to distribute the proceeds to the heirs. J. H. Pierce was an heir and so was R. L. Sell. The J. H. Pierce deed was a matter of record and all parties had constructive notice of it. Fairly considered this deed and the ownership of the small tract by the appellee should be considered as a part of the description just as much as the language used in describing the lands in the petition in the suit to have them sold. See, also, Turner v. Begley, 239 Ky. 281, 39 S. W. (2d) 504; Ratliff v. Sinberg, 258 Ky. 203, 79 S. W. (2d) 717, 718.

It follows from what has been said that it is our conclusion that the judgment should be, and it is, affirmed.