## Bell et al. v. Twyford.

Nov. 19, 1940.

J. S. Sandusky, Judge.

J. M. Kennedy for appellants.

E. Bertram for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Affirming in part and reversing in part.

This is an appeal from a judgment awarding Beckham Twyford, plaintiff below, the sum of $55 against Cecil Bell and Strongie Bell, defendants below. The appellee insists that the appeal should be dismissed because the judgment is for a sum less than $200. Sec-

tion 950-3 of the Statutes. An examination of the record, however, reveals that this litigation involves the ownership of a few acres of land.

The case was submitted to a jury and the judgment was based upon the following verdict:

"We, the jury, find for the plaintiff $55.00." The second instruction given by the court shows clearly that the ownership of land was in issue. This instruction is as follows:

"The jury will find for the defendants unless they shall believe from the evidence that the timber referred to in the evidence or some portion thereof was cut within the boundaries of plaintiff's land, and if you so believe you will find for the plaintiff such damages as he may have sustained, if any, as the result of the defendants having stopped him from removing said timber, the measure of damages being the reasonable market value of said timber at the time and place of the loss or injury, provided your whole finding does not exceed the sum of $100.00, the amount sued for."

A court's judgment must be interpreted in the light of what was before it. We think this judgment should be interpreted as awarding the lands in dispute to Twyford. Sell v. Pierce, 283 Ky. 143, 140 S. W. (2d) 1027; Hays v. Madison County, 274 Ky. 116, 118 S. W. (2d) 197; Oglesby v. Prudential Ins. Co., 259 Ky. 620, 82 S. W. (2d) 824; Culton v. Couch, 230 Ky. 586, 20 S. W. (2d) 451; Turner v. Begley, 239 Ky. 281, 39 S. W. (2d) 504; Shackleford v. Fountain's Heirs, 1 T. B. Mon. 252, 15 Am. Dec. 115.

It follows, therefore, that the appellants could prosecute this appeal as a matter of right, because title to land is involved. Section 950-1 of the Statutes.

We are of the opinion from our examination of the record that the finding in favor of Twyford as to the ownership of the land in dispute is supported by the evidence.

The claim for damages was two-fold, as indicated by the following paragraph from Twyford's petition:

"Plaintiff states that defendants Cecil Bell and Strongie Bell are setting up claim to a small por-

tion of said lands lying along the branch set out and referred to in his said deeds but that he is not able to state just what portion or part of said tract of land they are claiming, but that their said claim which they are giving out in speech and utterances is a cloud upon his title to said land and is injuring the vendable value thereof and that they are ordering him not to cut or remove timber from said tract of land to his damage in the sum of $100.00.''

The instruction given by the court heretofore quoted confined the question of damages to the action on the part of the Bells in stopping Twyford from removing the timber from the land in dispute. The record shows that Twyford had sold the timber to a third party. This party testified that he had cut practically all the timber, but had not removed all of it when he was asked by one of the Bells not to cut any more timber, or to remove what had been cut. We have examined the testimony carefully as to damages and have reached the conclusion that there is not sufficient evidence to support the judgment awarding Twyford $55. At most he was entitled to only nominal damages on the showing made.

Wherefore, the judgment is affirmed as to the quieting of Twyford's title and reversed as to the allowance of $55 for damages. Under the circumstances we think the costs should be apportioned equally between the parties and it is so ordered.