## BOLT v. REYNOLDS METAL CO.

District Court, W. D. Kentucky, Louisville Division.

Dec. 5, 1941.

Claude Hudgins, of Louisville, Ky., for plaintiff.

MILLER, District Judge.

The plaintiff moved the court that he be allowed to file and prosecute this action in forma pauperis under the provisions of Section 832, Title 28 U.S.C.A. His affidavit stating the necessary facts with respect to his own insolvent condition is filed in support of the motion.

■ This Court has for some time followed the rule laid down by the Circuit Court of Appeals of this Circuit in United States v. Ross, 6 Cir., 298 F. 64, 33 A.L.R. 728, which holds that where a suit is instituted in forma pauperis and the plaintiff's attorney is employed under a contingent fee contract, the suit can not be prosecuted alone on plaintiff's oath of his poverty but his counsel must likewise file such an oath or give security for costs. There are decisions in other Circuits to the same effect. See Feil v. Wabash Ry. Co., C.C., 119 F. 490; Phillips v. Louisville & N. Ry. Co., C.C., 153 F. 795; Esquibel v. Atchison, T. & S. F. R. R. Co., D.C., 206 F. 863; Silvas v. Arizona-Copper Co., D.C., 213 F. 504; Boyle v. Great Northern Ry. Co., C. C., 63 F. 539; Chetkovich v. United States, 9 Cir., 47 F.2d 894; DeHay v. Cline, D. C., 5 F.Supp. 630.

Plaintiff relies upon the Champerty and Maintenance Statute in Kentucky being Kentucky Statutes, Section 209, which makes contracts to aid in the prosecution or defense of suits null and void, and the decisions in United States ex rel. Payne v. Call, 5 Cir., 287 F. 520; Clark v. United States, D.C., 57 F.2d 214 and Deadrich v. United States, 9 Cir., 67 F.2d 318, 319. He contends that the Deadrich case overruled the previous case of Chetkovich v. United States, supra, from the same Circuit. It appears, however, that the Deadrich case involved an action on a War Risk Policy of Insurance, and the ruling therein was restricted to such cases, the Court pointing out that Title 38 U.S.C.A. § 551 made it a misdemeanor for an attorney to contract with a veteran for any fee except that authorized by the statute. The opinion is based upon the existence of that Section and specifically states "to that extent Chetkovich v. United States must be overruled." The decision in United States ex rel. Payne v. Call, supra, cited by the plaintiff was discussed by the Circuit Court of Appeals for this Circuit in United States v. Ross, supra, and held not to be persuasive on the issue involved.

■ Plaintiff's attorney concedes that this Court would be bound by the ruling of the Circuit Court of Appeals for this Circuit in United States v. Ross, supra, except for the fact that there was no existing Champerty Laws in Tennessee, while such a statute still exists in Kentucky, and that the existence of such a statute in Kentucky makes it illegal for the attorney in this case to pay the costs of the action. There are two answers to this contention. First, the Champerty and Maintenance Statute in Kentucky, Ky.Statutes, Section 209, has been construed several times as not prohibiting a contingent fee contract by an attorney. In Newport Rolling Mill Co. v. Hall, 147 Ky. 598, 144 S.W. 760, and in Ratliff v. Sinberg, 258 Ky. 203, 79 S.W.2d 717, the Court of Appeals held that such contracts were valid and could be enforced. In John Druzille Wood-Heck v. Roll, 183 Ky. 128, 208 S.W. 768, the contingent fee contract also provided that the attorney agreed to pay the cost of the action out of the amount paid to him for his services, and the Court held that this additional provision did not render the contract champertous. Inasmuch as United States v. Ross is based upon the fact that under the law of Tennessee contingent fee contracts were valid, it would appear to be a controlling authority for Kentucky where such contracts have been held to be valid by judicial decision. Secondly, the Court in United States v. Ross, supra, further stated even if it was to assume that a contract requiring the attorney to pay in whole or in part plaintiff's expenses in

carrying on the litigation was invalid, yet the Court was not satisfied that the giving of a cost bond by an attorney would be against public policy, pointing out that it was a common practice in Tennessee for attorneys to execute such bonds. Likewise in Kentucky cost bonds are frequently signed by the attorney in the action as surety for the plaintiff. The only statutory provisions in Kentucky preventing attorneys from executing bonds as surety for their clients appear to be Sections 2019 and 3867 of the Kentucky Statutes, which prohibit an attorney from acting as surety on the bond of a guardian or of a personal representative. The failure to include other situations is strongly indicative that the common practice of attorneys executing cost bonds as surety for the plaintiff is not prohibited.

Plaintiff's motion to proceed in forma pauperis without the execution of a cost bond or the required affidavit on the part of his attorney is overruled.